ESSEX COUNTY COURT OF COMMON PLEAS.

STATE OF NEW JERSEY, respondent,

*v.*

MAURICE J. F. BAKER, appellant.

Motor Vehicles—Arrest—Warrant òr Complaint to be Issued
"Forthwith"—Meaning of Forthwith Considered—Fourteen
Days Not Within the Meaning—Penal Statutes Strictly Con-
strued, and Despite Correctness of Court's Holding of Guilt,
It Would be a Strained Construction to Hold That There
Had Been a Compliance with the Statute.

On appeal from the East Orange police court.

*Mr. Howard Isherwood,* for the appellant.

*Mr. Walter C. Ellis,* for the respondent.

CAFFREY, J.

The defendant was convicted in the East Orange police
court charged with violating subdivision 3 of section 14 of the
Motor Vehicle act. *P. L. 1921 ch. 208.* The findings of fact
by the recorder are not challenged.

The error assigned for reversal relates to the method fol-
lowed, which resulted in the conviction and sentence of the
defendant.

The undisputed facts are that on August 30th, 1923, the
defendant was arrested in the city of East Orange and de-
tained until the following morning, when he was released on
bail by the clerk of the court. No complaint was sworn to
until September 11th. The warrant was not issued until the
12th, on which day the defendant was tried, convicted and
sentenced.

There are two sections of the act referred to which have a
bearing on the arrest and the arraignment, *i. e.,* sections 25
and 31, reading as follows:

Essex County Court of Common Pleas—State v. Baker.

"25. (1) Jurisdiction of offenses; summary hearings; process.—A complaint having been made in writing and duly verified, that any person has violated any of the provisions of this act, any magistrate of the county, or recorder or police magistrate of any municipality, in which the offense is committed may, within thirty days after the commission of said offense, issue either a summons or a warrant directed to any constable, police officer, the inspector of motor vehicles, or the commissioner of motor vehicles of this state, for the appearance or arrest of the person so charged; and the magistrate shall state what section or provision of this act has been violated by the defendant, and the time, place and nature of said violation, and upon the return of said summons or warrant the said magistrate shall proceed, in a summary way, to hear and determine the guilt or innocence of such person, and upon conviction may impose upon the person so convicted the penalty by this act prescribed, together with the costs of prosecution for such offense.

"31. (1) Arrest without warrant; detention of person; hearing. Any constable or police officer, or motor vehicle inspector, or the commissioner of motor vehicles, is hereby authorized to arrest, without warrant any person violating in the presence of such constable or police officer, or motor vehicle inspector, or the commissioner of motor vehicles, any of the provisions of this act, and to bring the defendant before any magistrate of the county where such offense is committed. The person so offending shall be detained in the office of the magistrate until the officer making such arrest shall make oath or affirmation, which he shall do forthwith, declaring that the person under arrest has violated one or more of the provisions of this act, and specifying the provision or provisions violated, whereupon said magistrate shall issue a warrant returnable forthwith, and the said magistrate shall proceed summarily to hear or postpone the case as provided in sections 26 and 27 of this act. And any such constable or police officer, or motor vehicle inspector, or the commissioner of motor vehicles, upon satisfying himself that such offender is a resident of this state, may, instead of arresting such offender as hereinabove provided, serve upon him a summons in the name of any police court, recorder's court or other court of competent jurisdiction in the county, city, town, township, village, borough or other municipality wherein such officer shall be authorized to discharge his duties, directing such offender to appear and answer such charge or charges as may then and there be referred against him; and for this purpose the county, city, town, township, village and borough clerks, respectively, shall provide the said officer, or officers, with a form of summons, which, when filled out, executed and issued by the said officer, or officers, in such cases as herein provided, shall be good and effectual according to the purpose and intent thereof."

Mr. Justice Campbell, speaking for the supreme court, said:

"At common law all proceedings of a criminal or *quasi-criminal* nature, except contempts, were required to be initiated by written complaints.

"This is so, condedely so, and has always been so fixedly the practice in this state as not to be open to question nor require the citation of any authority for its support. And such would therefore be the requirement unless the contrary clearly appeared by specific legislative authority contained in the act in question. Such is not the case. On the contrary, it appears perfectly plain that the legislative intent and purpose was to require a written complaint in all cases of violation of the act." *Watt* v. *Wallerius, 2 N. J. Adv. R. 508;* see, also, *Grauzauskas* v. *State, 2 N. J. Mis. R. 807.*

However, in this case, a warrant and complaint were issued some fourteen days after the arrest, therefore the above citations are not altogether depositive of the matter.

The arrest was made by the police officer without a warrant, and it will be assumed for a violation of the Motor Vehicle act committed in his presence and in keeping with section 31. A careful reading of this section shows two methods of procedure—*first,* one calling for an immediate arrest, as was done here, and *second,* by the issuance of a summons in the name of a court of competent jurisdiction, when the offender is a resident of this state, directing the defendant's appearance to answer such charge or charges that may be referred against him.

The facts clearly indicate that the latter method of procedure was not in the mind of the arresting officer. Therefore, of necessity, the following, to quote again that part of section 31, should have been adhered to: "The person so offending shall be detained in the office of the magistrate until the officer making such arrest shall make oath or affirmation, which he shall do forthwith, declaring that the person under arrest has violated one or more of the provisions of this act, and specifying the provision or provisions violated, whereupon said magistrate shall issue a warrant returnable forthwith, and the said magistrate shall proceed summarily to hear

or postpone the case as provided in sections 26 and 27 of this act."

It is to be observed that the word "forthwith" is used both with reference to the making of the complaint and the issuance of the warrant. Therefore, we cannot escape the conclusion that the legislature intended that effect to be given to the etymological significance of the word.

This is a penal statute, and, in the language of Mr. Justice Kalisch, "it must be construed strictly. Its scope will not be extended beyond the plain and general meaning of its words." *State Board* v. *McCloskey, 87 N. J. L. 470.*

Mr. Justice Brown, speaking for the United States supreme court, in the matter of *Dickerman* v. *Northern Trust Co., 176 U. S. 193,* said that "forthwith has a relative meaning," indicating "as soon as by reasonable exertion confined to the object which may be accomplished. In matters of practice and pleading it is usually construed, and sometimes defined, by rule of court, as within twenty-four hours."

In case of *Roumage* v. *Insurance Co., 13 N. J. L. 110,* the supreme court, in discussing forthwith, with relation to a policy of insurance, said (at *p. 21*):

"First, that notice of the fire was not given *forthwith,* but was unreasonably delayed. It happened in the night between the 10th and 11th, and the written notice was not given till the 17th of the month. Five entire days' delay was no compliance with the condition, which, by requiring notice *forthwith,* may be likened to that of the dishonoring of a note or bill of exchange, notice of which must be given by the mail of the *next day.* And if it is not given till the *sixth* day after the fire, the condition was not performed, and the right was forfeited of having payment for the loss."

The courts in many jurisdictions have had occasion to pass upon the meaning of "forthwith" with relation to statutes, contracts, orders and judgments, and while the consensus of opinion is that it does not mean instanter, it does require the doing of an act promptly; within a reasonable time; with all convenient dispatch; without delay; immediately.

See *3 Words & Phr. 2916 et seq.;* also *2 Ibid. (2d ser.) 622 et seq.*

In the chattel mortgage statute (*1 Comp. Stat. p. 463*) the word "immediate" is used with reference to recording mortgages.

Mr. Justice Van Syckel, in defining this word, said: "It means as soon as may be by reasonable dispatch under the circumstances of the case." See *Roe v. Meding (Court of Errors and Appeals), 53 N. J. Eq. 368;* also *Bollesweiler v. Packer House Hotel, 83 N. J. Eq. 459; Braden v. Rosenstone, 83 N. J. Law 253.* These cases are pertinent, not only because there is a strong analogy between the words "forthwith" and "immediately," both seemingly to convey the thought of action by reasonable dispatch, but also as indicating the strict observance by the court to the language used by the legislature. The word "forthwith" in the instant case has a definite significance, unlike the reference by Chief-Justice Beasley in *McEntie v. Sandford, 42 N. J. Law 263.*

It seems to me that these specific words, read in the light of both sections 26 and 31, cannot be looked at as something immaterial, but, on the contrary, a matter of substance, mandatory, and rendering illegal a proceeding done without due regard to their effect and meaning.

There was no waiver of his rights by the defendant in the court below, because at the hearing in the recorder's court a dismissal of the proceedings were urged on the grounds raised here. Nor can his release on bail, the day after his arrest, militate against him. Section 26 of the act provides for this method of release without limiting the application of section 31.

Under the circumstances, despite the correctness of the holding of the magistrate as to the defendant's guilt under subdivision 3, section 14, I believe it would be a strained construction to say that there was a compliance with the statute, and to hold that the requirements of "forthwith" were not by the doing of an act fourteen days after the occasion arose.