9 N.J. Super. 97 (1950)
75 A.2d 151
THE STATE OF NEW JERSEY, ROY H. WILLIAMS, FISH AND GAME WARDEN, PROSECUTOR-RESPONDENT,
v.
JOSEPH JOHN PERRETTI, SR., DEFENDANT-APPELLANT. THE STATE OF NEW JERSEY, ETC.,
v.
JOSEPH JOHN PERRETTI, JR. THE STATE OF NEW JERSEY, ETC.,
v.
ARTHUR PERRETTI.
Superior Court of New Jersey, Appellate Division.
Argued July 17, 1950.
Decided August 2, 1950.
*98 Before Judges McGEEHAN, COLIE and EASTWOOD.
Mr. Samuel S. Black argued the cause for appellants.
Mr. Joseph A. Murphy, Assistant Deputy Attorney General, argued the cause for respondent (Mr. Theodore D. Parsons, Attorney General).
The opinion of the court was delivered by COLIE, J.A.D.
Appellants were arrested and tried before a magistrate on identical complaints charging that on November 2, 1949, each unlawfully procured a resident hunting license contrary to R.S. 23:3-21 which provides that `A person not entitled hereunder to a residents' license who procures the same shall be guilty of a misdemeanor and pay a fine of not less than one hundred dollars and costs of prosecution, and whether or not he has been criminally prosecuted for the *99 violation, shall be liable to a penalty of one hundred dollars." Before the magistrate, the trials resulted in judgments of dismissal. The State of New Jersey took appeals to the County Court where the matters were tried de novo, the appellants were found guilty and each sentenced to pay a fine of $100 and costs.
R.S. 23:3-4 provides for residents' and nonresidents' licenses and sets the qualifications for the former that one be a citizen of the United States above fourteen years of age, who is an "actual and bona fide" resident of the State at the time of application for the license and who has been an actual and bona fide resident of the State for at least one year immediately prior thereto. The vital question is whether the appellants were "actual and bona fide residents" of New Jersey.
The State proved that Joseph John Perretti, Sr., and Arthur Perretti were registered voters in New York State and gave their address as 1720 West Third Street, Brooklyn; that all three held chauffeurs' licenses issued in New York and upon which the same address appeared. In addition there was the testimony of Warden Williams that in his opinion the house occupied by the Perrettis was "a summer bungalow uninhabitable in winter." This conclusion was arrived at after an inspection of the living-room while the witness was standing in the doorway and without any knowledge beyond what he saw from the single observation. On behalf of the defendants there was undisputed testimony that the property had been owned by Katherine Perretti for three or four years, that it contained all their furniture, that it consisted of a sun-porch, living-room, kitchen, bath and two bedrooms, and that it had a hot-air furnace in the cellar. A nearby neighbor testified that she first met the Perrettis in July, 1948, and saw them living in the house each month thereafter until November, 1949, when they went to Brooklyn because of the illness of Mrs. Perretti's mother. The three defendants were employed as drivers for New York trucking firms and there is testimony that it was necessary for each to have a New York license to drive a New York truck.
*100 The State's argument on the question of residence is that "if they were residents of Brooklyn, New York, in November, 1949, they could not be bona fide legal residents of New Jersey at the same time." In passing, we note that the word "legal" is not found in R.S. 23:3-4. On the license as issued there is a note reading: "Mere ownership of property in this State does not entitle a person to a resident's license. Applicant must be a citizen and actual bona fide legal resident for one year immediately prior to this application." The fact of residence in Brooklyn is not necessarily incompatible with residence in New Jersey. To so argue arises from confusing domicile and residence. One may have several residences but only a single domicile. 17 Am. Jur., Domicil, § 9; State v. Atti, 127 N.J.L. 39 (Sup. Ct. 1941); State v. Garford Trucking, Inc., 4 N.J. 346 (1950).
It is settled that a statute imposing a penalty must be strictly construed. Smith v. City of Asbury Park, 3 N.J. Super. 161 (App. Div. 1949). Here the Legislature used the phrase `actual and bona fide residents." We may not construe that phrase to mean domicile where it appears in a penal statute. Such change must be by legislation, not judicial decision.
We are of the opinion that this case is one which requires us under Rule 3:81-13 to make independent findings of fact. The sole unexplained evidence is voting registration out of the State. On the other hand, there is a plenitude of evidence to establish an actual and bona fide residence in New Jersey and we so find.
Our disposition on this ground makes unnecessary a discussion of the other grounds argued by appellants.
The judgments are reversed.