STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. METROPOLITAN DISTRIBUTORS INC., A CORPORATION, DEFENDANT-APPELLANT.

Middlesex County Court
Criminal Division

Decided February 27, 1953.

*Mr. J. S. Lindabury,* attorney for the appellant.

*Mr. Morris Margaretten,* Assistant Prosecutor of Middlesex County, attorney for the respondent.

MORRIS, J. C. C. This is an appeal from a conviction of the defendant in the Municipal Court of Woodbridge Township for the violation of the provisions of *N. J. S. A.* 39:3-84.3. It is here for trial *de novo.*

The complaint was made and summons issued on March 6, 1952, charging that on said date a motor vehicle truck bearing license XI 523 NJ for the year 1952 was found overloaded on State Highway Route 25, Woodbridge Township, Middlesex County. At the time of the alleged offense the motor vehicle truck was carrying a certificate of registration on which the defendant was designated as the owner. At the hearing in this court, counsel for the defendant stipulated that the appellant would not contest the question of weight but would admit that at the time of the violation the truck was overloaded. Counsel for the defendant and counsel for the State stipulated that the following exhibits be received in evidence: copy of the lease agreement between the defendant as lessor, and Roddis Plywood & Door Co. Inc. as lessee; and a brochure stating the nature and extent of the defendant's business.

It was also stipulated that the truck in question was registered on the records of the Division of Motor Vehicles in the name of the defendant as owner; that no registration of said motor vehicle existed in the name of Roddis Plywood & Door Co. Inc. on the records of the Division of Motor Vehicles; that the allowed gross weight of said commercial vehicle was 32,000 lbs. and that the actual gross weight of

said commercial vehicle and load was at the time of said offense 25,410 lbs., or 3,410 lbs. over the allowed weight as shown on the certificate of registration for said motor vehicle; that the certificate of registration for said commercial motor vehicle named the defendant Metropolitan Distributors Inc. as the "owner" of said commercial motor vehicle.

The provisions of the lease agreement disclose that the defendant exercised full control over the motor vehicle, consisting of full garage and storage services including washing, polishing, cleaning, oiling, greasing and furnishing of fuels. The lessee furnished its own operator.

The defendant contends that the definition "owner" as set forth in *R. S.* 39:1–1 controls the provisions of *N. J. S. A.* 39:3–84.3 and by reason of said definition the fine should be levied against the lessee and not against the defendant. The State contends that the word "owner" as used in *N. J. S. A.* 39:3–84.3 refers to the person whose name appears as the registered owner upon the records of the Division of Motor Vehicles and as exhibited on the certificate of registration issued by said Division for the motor vehicle in question.

After a careful consideration of the arguments of counsel and memoranda of law submitted by them, and a reading of the provisions of the statute, I am of the opinion that the said statute, while penal in nature, is a regulatory one, and that the provisions of *N. J. S. A.* 39:3–84.3 refers to the registered owner. I find the defendant is guilty of the violation charged.

The defendant requests in the event of a conviction that this court expressly state that the violation applies only to the single registration of the particular vehicle involved. It is my opinion that the provisions of the statute being regulatory, that the intent of the Legislature is to control operations of trucks including what is commonly known in the trade as fleet owners. I therefore determine that any conviction is against the owner and not the individual motor vehicle.