STATE OF NEW JERSEY, PLAINTIFF, v. GRATALE BROTHERS, INC., DEFENDANT.

Hudson County Court
Law Division

Decided March 3, 1953.

*Mr. Frederick T. Law,* County Prosecutor, Hudson County (*Mr. William A. O'Brien,* Assistant Prosecutor) attorneys for the State.

*Mr. August W. Heckman,* attorney for the defendant.

TENENBAUM, J. C. C. This is an appeal *de novo* from a conviction before the County Traffic Court of Hudson County, who imposed a penalty upon the defendant as a second offender under the following statute (*R. S.* 39:3–84.3):

"The owner of any commercial motor vehicle, tractor, trailer or semitrailer, whose vehicle shall be found on a highway in violation of this act or which shall have a gross weight of vehicle and load in excess of the gross weight provided on the certificate of registration for the vehicle shall be fined not less than two hundred dollars ($200.00) nor more than five hundred ($500.00) for the first offense, and for any subsequent offense, not less than five hundred dollars ($500.00) nor more than seven hundred fifty dollars ($750.00); and the registration of the vehicle involved may be revoked by the Director of the Division of Motor Vehicles."

The factual situation, lacking dispute, was submitted to this court upon the following stipulation:

1. That the defendant, a corporation of the State of New Jersey, owns and operates a substantial number (approximately 50) of commercial motor vehicles, having its principal place of business at Hoboken in Hudson County, New Jersey, and that

2. Defendant, on July 2, 1952, was found guilty in the County Traffic Court of the County of Hudson and fined $200 and costs, in that one of its vehicles was operated con-

trary to the provisions of *R. S.* 39:3–84.3 because the said vehicle and load exceeded the weight limitations as provided for under its certificate of registration with the Division of Motor Vehicles of the Department of Law and Public Safety in this State.

3. Defendant, on July 2, 1952, was issued a summons returnable July 10, 1952 before the same court because of having again violated the provisions of *R. S.* 39:3–84.3 in that the combined weight of another of its commercial vehicles and load exceeded the weight limitations as provided for under the certificate of registration issued for that vehicle, the gross weight aggregating 33,300 pounds, whereas its certificate of registration provided for a less weight.

4. On September 2, 1952 the Hon. Chester F. Sikinski, Judge of the said County Traffic Court of the County of Hudson, upon defendant's plea of guilty, fined defendant the sum of $500 as a second and subsequent offense and assessed $3 costs. Said fine and costs were paid on September 30, 1952, whereupon a notice of appeal was served as required by the statute, on October 1, 1952. Thereafter, on January 29, 1953, the matter was brought on for trial *de novo*.

Thus, there is posed for determination the single question of whether the defendant was guilty as a second offender, notwithstanding the vehicle involved in the second offense was not the same vehicle involved in the first offense.

The defendant contends that the statute is penal and in nature *quasi*-criminal, citing *State v. Rowe*, 116 *N. J. L.* 48, 181 *A.* 706 (*Sup. Ct.* 1935), affirmed 122 *N. J. L.* 466, 5 *A.* 2d 697 (*E. & A.* 1939), and thus the court is obliged to place upon it a strict construction. *State v. Baker*, 3 *N. J. Misc.* 324, 129 *A.* 466 (*Com. Pl.* 1925), affirmed 3 *N. J. Misc.* 532, 128 *A.* 888 (*Sup. Ct.* 1925); *State v. Perretti*, 9 *N. J. Super.* 97, 75 *A.* 2d 151, 152 (*App. Div.* 1950); *State v. Labato*, 7 *N. J.* 137, 80 *A.* 2d 617 (1951); *State v. Woodruff*, 68 *N. J. L.* 89, 52 *A.* 294, 295 (*Sup. Ct.* 1902).

With these propositions of law there can be no quarrel.

The defendant urges that since the statute refers to "vehicle" in the singular only, the specific vehicle must be

more than once involved to subject the owner to the imposition of a second offender penalty. Such construction would torture the language beyond its true meaning.

 Clearly, the mischief sought to be remedied is the conduct of the owner in overloading. It is the owner who inveighs against the statute. The vehicle is the instrumentality. Responsibility for the offending instrumentality stems from ownership. Adopting the defendant's theory of construction, each of the defendant's many vehicles could once violate the statutory prohibition before subjecting the owner to the named penalty as a second offender. The plain meaning of the act finds no such expression. See *Endlich, A Commentary on the Interpretation of Statutes, chapter XII, section 329, page* 451.

Additional weight to negate the defendant's argument may be found in *R. S.* 1:1–2, which defines certain words and phrases as used in statutory construction:

"* * * Whenever, in describing or referring to any person, party, matter or thing, any word importing the singular number or masculine gender is used, the same shall be understood to include and to apply to several persons or parties as well as to one person or party * * * and to several matters and things as well as one matter or thing."

Upon the defendant's plea of guilty, I impose a fine of $500 as a second offender, and assess the costs against the defendant of $3.