26 N.J. Super. 581 (1953)
98 A.2d 591
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
GRATALE BROTHERS, INC., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 29, 1953.
Decided June 30, 1953.
*583 Before Judges GOLDMANN, CLEARY and DAVIDSON.
Mr. Abraham J. Slurzberg argued the cause for appellant (Mr. August W. Heckman, attorney).
Mr. Raymond J. Cuddy, Second Assistant Prosecutor, argued the cause for respondent (Mr. Frederick T. Law, County Prosecutor, attorney; Mr. William A. O'Brien, on the brief).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Defendant was found guilty in the Hudson County Traffic Court on July 2, 1952 of violating N.J.S.A. 39:3-84.3 (gross weight of vehicle and load in excess of weight set out in the certificate of registration) and fined $200 and costs. On the very same day summons was issued to it for a like violation involving another of its large fleet of trucks. On September 2, 1952, the Hudson County Traffic Court, upon defendant's plea of guilty, fined it $500 and costs as a second offender. There was an appeal to the Hudson County Court and a trial de novo, the facts being stipulated. The County Court found that defendant was a second offender under the *584 statute and imposed a fine of $500 and costs. 25 N.J. Super. 62 (1953).
The judgment of the County Court must be affirmed.
N.J.S.A. 39:3-84.3 provides:
"The owner of any commercial motor vehicle, tractor, trailer or semi-trailer, whose vehicle shall be found on a highway in violation of this act or which shall have a gross weight of vehicle and load in excess of the gross weight provided on the certificate of registration for the vehicle shall be fined not less than two hundred dollars ($200.00) nor more than five hundred dollars ($500.00) for the first offense, and for any subsequent offense, not less than five hundred dollars ($500.00) nor more than seven hundred fifty dollars ($750.00); and the registration of the vehicle involved may be revoked by the Director of the Division of Motor Vehicles; and such vehicle, but not its contents, may be detained until the owner submits to the jurisdiction of the court and the fine is paid or proper bond is posted for an appeal if there is a conviction."
We agree with defendant that the statute is penal and quasi-criminal in its nature (State v. Rowe, 116 N.J.L. 48 (Sup. Ct. 1935), affirmed 122 N.J.L. 466 (E. & A. 1939)), and so must be strictly construed (State v. Baker, 3 N.J. Misc. 324 (Com. Pl. 1925), affirmed Ibid. 532 (Sup. Ct. 1925); State v. Perretti, 9 N.J. Super. 97 (App. Div. 1950)). However, the rule of strict construction does not prevent a court from reading the statute in relation to the evil or mischief to be suppressed (State v. Brenner, 132 N.J.L. 607, 611 (E. & A. 1945), or prevent a court from giving effect to the terms of a statute in accordance with their fair and natural acceptation (State v. Meinken, 10 N.J. 348, 352 (1952)).
The evil or mischief intended to be suppressed by the statute in question was the loading of a vehicle in excess of the weight authorized by the terms of its certificate of registration. What the Legislature clearly had in mind at the time it amended and supplemented R.S. 39:3-84 in 1950 (L. 1950, c. 142), was the protection of our highways and highway structures  subject as they are to the extraordinary use and ever-increasing volume of commercial traffic crossing and recrossing our State  from damage by overweight vehicles. Cf. N.J.S.A. 39:3-84 and 84.4.
*585 Defendant argues that it is not a second offender  that the second offense feature of N.J.S.A. 39:3-84.3 does not apply because different vehicles were involved. It urges that the intention of the Legislature was that the same vehicle must have been overloaded on a subsequent occasion before the higher penalty could be imposed, and this because of the provision in the quoted section that the Director of the Division of Motor Vehicles may revoke the registration of "the vehicle involved." Defendant would thus center the whole force and operation of the statute upon the vehicle rather than upon the owner.
The statute clearly sets forth the particular offense, and defendant admits to having twice offended. To accept defendant's construction of N.J.S.A. 39:3-84.3 would require that we adopt a strained and unjustified meaning in the face of the plain words of the enactment. Although, as we have already noted, a penal statute is to be strictly construed, its clear implication and intendment is not for that reason to be denied. Mayor, etc., of Alpine Borough v. Brewster, 7 N.J. 42, 50-51 (1951). It should be given its most apparent and reasonable meaning. A construction which would have the effect of placing it in the power of the transgressor to defeat the object and purpose of the law by evasion will not be favored. State v. Hand, 71 N.J.L. 137, 141 (Sup. Ct. 1904).
The trial court aptly said:
"* * * It is the owner who inveighs against the statute. The vehicle is the instrumentality. Responsibility for the offending instrumentality stems from ownership. Adopting the defendant's theory of construction, each of the defendant's many vehicles could once violate the statutory prohibition before subjecting the owner to the named penalty as a second offender. The plain meaning of the act finds no such expression. See Endlich, A Commentary on the Interpretation of Statutes, chapter XII, section 329, page 451." (25 N.J. Super., p. 65)
Cf. State v. Metropolitan Distributors, Inc., 25 N.J. Super. 66, 68 (Cty. Ct. 1953).
The judgment of conviction is affirmed.