27 N.J. Super. 125 (1953)
98 A.2d 594
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ONEIDA MOTOR FREIGHT, INC., DEFENDANT-APPELLANT. STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WILLIAM H. MERRITT, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Hudson County Court Law Division.
Decided July 13, 1953.
*127 Mr. Frederick T. Law, County Prosecutor (Mr. Michael G. Comunale, Assistant Prosecutor, appearing), attorney for plaintiff-respondent.
Mr. Reuben P. Goldstein, attorney for defendants-appellants.
TENENBAUM, J.C.C.
The defendants, William H. Merritt, driver of a motor truck, and Oneida Motor Freight, Inc., the owner thereof, appeal de novo their convictions before the Municipal Magistrate of Jersey City for violation of N.J.S.A. 39:5B-11, the pertinent portion of which is as follows:
"It shall be unlawful to ship or transport, or cause to be shipped or transported, by motor vehicle over the highways of this State any dangerous article in such manner or condition as will unreasonably endanger the person or property of others, and without conspicuously marking or placarding any motor vehicle engaged in such transportation on each side and rear thereof with the word "Dangerous" or the common or generic name of the substance transported or its principal hazard; provided, that the Commissioner of Labor and Industry may, by regulation issued after a public hearing, prescribe with respect to specific dangerous articles the minimum quantities below which no placard shall be required."
The facts are in harmony, as revealed by the following filed stipulation:
"On December 2, 1952, the defendant Merritt was the operator of a motor truck and trailer in the possession and control of the defendant Oneida Motor Freight, Inc. While the motor vehicle was standing opposite the toll booth, and the defendant Merritt in the process of paying the toll fee, he was seen by Officer John Reilly, a member of the Holland Tunnel Police, who approached him and asked to see his shipping papers. Upon their being produced and examined, the police officer directed the driver to pull his vehicle to the side, and to open up the doors, so that an inspection could be made of the contents. This having been done, and the officer having satisfied himself that the commodity, sodium hydrosulphite (the shipment concededly in excess of 2,500 pounds) was on the list of the so-called `dangerous commodities' mentioned in the hereinabove statute, and having found that the vehicle did not carry placards on the sides and rear thereof, with the word *128 `Dangerous' thereon, said officer issued a summons to each of the above defendants, charging them with the aforementioned violation.
It is further stipulated and agreed that the steel drums containing the aforementioned commodity, as well as the packaging, labelling, marking and all other appropriate identification on the outside of the drums, were in full compliance with the regulations of the Interstate Commerce Commission applicable thereto, and which pertinent regulations have been adopted by the Commissioner of Labor and Industry to facilitate the administration and enforcement of the aforementioned law.
The arresting officer, or some other representative of the Tunnel Police, then affixed or caused to be affixed to the two sides and rear of the trailer, placards with the word `Dangerous' thereon. The defendant Merritt was instructed to proceed with his vehicle and contents through the Tunnel, which he did."
For a successful determination in their behalf, the defendants urge that before there can be a valid conviction under the statute, the violation must be twofold: (1) A shipment "in such manner * * * as will unreasonably endanger others," plus (2) failure to conspicuously mark or placard.
With this reasoning I cannot agree.
To escape offending against the statute, the burden imposed upon a transporter of dangerous articles is dual, as is obviously manifest by the conjunctive "and." The failure to conform to either mandate does violence to the foregoing legislative enactment.
The statute was enacted in consequence of an involvement of a truck transporting a dangerous article through the Holland Tunnel. Its purpose and design was the protection of life and property. By the use of placards on the truck, public visual announcement is made to other users of the highway to beware, and the required use of approved containers was to remove or diminish the hazard which otherwise might result from an untoward event in the vehicle's operation. A partial compliance with the statute would not accomplish the suppression of the mischief or evil patently intended under the law.
The defendants argument that the statute is penal and quasi-criminal in nature, and must be strictly construed, is *129 without challenge. State v. Rowe, 116 N.J.L. 48 (Sup. Ct. 1935), affirmed 122 N.J.L. 466 (E. & A. 1939); State v. Baker, 3 N.J. Misc. 324 (Com. Pl. 1925), affirmed Ibid. 532 (Sup. Ct. 1925); State v. Perretti, 9 N.J. Super. 97 (App. Div. 1950).
Nonetheless, it was recently held by Judge Goldmann, speaking for the Appellate Division of the Superior Court in State v. Gratale Brothers, Inc., 26 N.J. Super. 581: "The rule of strict construction does not prevent a court from reading the statute in relation to the evil or mischief to be suppressed," and in this pronouncement, he re-expressed the views of the Court of Errors and Appeals in State v. Brenner, 132 N.J.L. 607 (E. & A. 1945), "or prevent a court from giving effect to the terms of a statute in accordance with their fair and natural acceptation." Citing State v. Meinken, 10 N.J. 348 (Sup. Ct. 1952).
The same court further expressed the view:
"Although * * * a penal statute is to be strictly construed, its clear implication and intendment is not for that reason to be denied. * * * It should be given its most apparent and reasonable meaning. A construction which would have the effect of placing it in the power of the transgressor to defeat the object and purpose of the law by evasion will not be favored."
To construe the statute in the manner suggested by the appellants would destroy plain and unambiguous language beyond recognition. Admittedly, the vehicle operated by the defendant Merritt, and possessed and controlled by the defendant Oneida Motor Freight, Inc., while in the act of transporting sodium hydrosulphite (a recognized dangerous commodity) without conspicuous marking or placarding the vehicle with the word "Dangerous" was in direct and implicit violation of the aforementioned statute, and I therefore find each of the defendants guilty, and impose a fine of $25 and $5 costs, respectively.