39 N.J. Super. 236 (1956)
120 A.2d 800
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
OLEAN TRANSPORTATION CORP., A CORPORATION OF NEW YORK, DEFENDANT-APPELLANT. STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
OLEAN TRANSPORTATION CORP., A CORPORATION OF NEW YORK, DEFENDANT-APPELLANT. STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
H.W. TAYNTON CO., INC., A CORPORATION OF PENNSYLVANIA, DEFENDANT-APPELLANT. Complaint Nos. 350985, 350984, 379381.
Superior Court of New Jersey, Passaic County Court, Law Division (Criminal).
Decided February 16, 1956.
*237 Mr. Grover C. Richman, Jr., Attorney-General of New Jersey, for plaintiff-respondent (Mr. James T. Kirk, Deputy Attorney-General, appearing).
Messrs. Toolan, Haney & Romond, for defendants-appellants (Mr. John E. Bachman appearing).
COLLESTER, J.C.C.
The three above-entitled actions have been consolidated for the purpose of appeal from judgments of conviction rendered by the Wayne Township Municipal Court for violation of N.J.S.A. 39:3-84.3.
The pertinent facts were presented to this court upon a stipulation. The defendant H.W. Taynton Co., Inc., is a Pennsylvania corporation with its principal office located in Wellsboro, Pennsylvania. The defendant Olean Transportation Corp. is a New York corporation with its principal office located at Elmira Heights, New York.
*238 Two of the alleged violations occurred on July 25, 1955 and the third on August 16, 1955.
On such dates the vehicles involved were en route from New York City to destinations in Pennsylvania. The vehicles consisted of a combination tractor and semi-trailer. The defendant H.W. Taynton Co., Inc., was the owner of each of the trailers which were properly registered and licensed under the laws of Pennsylvania. Two of the tractors involved were owned by the defendant Olean Transportation Corp. and were properly registered and licensed under the laws of New York. These two trailers were leased to the defendant H.W. Taynton Co., Inc. The third tractor was owned by H.W. Taynton Co., Inc., and was also properly registered and licensed under the laws of New York.
On the aforesaid dates the tractor-trailer vehicles were stopped by police while operating on the public highway in Wayne Township, New Jersey and taken to a nearby scale and weighed.
A comparison of the actual gross weight of the combination tractor-trailer was made with the maximum weights set forth in the respective certificates of registration issued for the tractor and trailer and resulted in charges of violation of N.J.S.A. 39:3-84.3. The specific charge was that the gross weights of the tractor and trailer exceeded that provided on the certificate of registration for each vehicle, and at a hearing before the municipal court defendants were found guilty and fines were imposed.
It is conceded that the State of New Jersey does not require these vehicles to be registered in New Jersey.
The difficulty in these cases results from lack of uniform requirements among the several states in licensing vehicles of this type.
N.J.S.A. 39:3-20 provides the method of registration and payment of the required fee for New Jersey licensed vehicles of this type. The registration fee is based upon the "gross weight of the vehicle and load." Pennsylvania has similar laws.
*239 However, registration in New York differs. There tractors are registered and the fee is based on the "unladen weight" of said vehicle.
When the combined tractor-trailers were stopped by New Jersey authorities and weighed, the trailers (registered in Pennsylvania) listed the gross weight thereof, while the tractors (registered in New York) listed the "unladen weight" thereof. Since the tractor bears part of the combined load and the gross weight of the tractor and trailer exceeded the combined "gross weight" listed on the Pennsylvania licensed trailer and the "unladen weight" listed on the New York tractor  the State contends the statute, N.J.S.A. 39:3-84.3, was violated.
Conceding that the laws of New York provide for registration of tractors based on "unladen weight" and not "gross weight," the State contends that the gross weight provisions of N.J.S.A. 39:3-84.3 apply to these vehicles. The State points out that the New York statute, section 11, paragraph 8(c) of the New York Vehicle and Traffic Law, provides that:
"No person shall operate or move, or cause or knowingly permit to be operated or moved on any public highway of this state any combination of tractor and trailer, both registered in this state, having a combined weight of vehicle and load in excess of the unladen weight of the tractor plus the maximum gross weight of the trailer as stated on the applications for registrations of such vehicles." (Italics mine)
The State contends that it has applied the formula as set forth in the aforesaid New York statute in ascertaining the "allowable weight" of the combined vehicles in question, and since the actual gross weight of the tractor-trailer combination exceeded the "allowable weight," the defendants violated the New Jersey statute.
In the opinion of this court the weakness in this contention is that (1) the New York statute, supra, by its very terms applies to vehicles registered in that state, and (2) there is no New Jersey statute which provides that enforcement authorities may use an "allowable weight" in *240 determining whether or not a violation of N.J.S.A. 39:3-84.3 has taken place, which "allowable weight" is based on the statutory requirements of a sister state.
The pertinent part of the New Jersey statute, N.J.S.A. 39:3-84.3, as amended by L. 1955, c. 86, provides:
"The owner of any commercial motor vehicle, tractor, trailer or semi-trailer, whose vehicle shall be found on a highway in violation of this act shall be fined not less than $200.00 nor more than $500.00 for the first offense, and for any subsequent offense, not less than $500.00 nor more than $750.00; except that any such owner whose vehicle shall be found on a highway with a gross weight of vehicle and load in excess of that provided for on the certificate of registration for the vehicle, or whose vehicle shall be found on a highway in excess of the axle weight or gross weight limitations imposed by this act for vehicle and load, shall be fined an amount equal to $0.02 per pound for each pound of excess weight if the excess weight does not exceed 10,000 pounds, and $0.03 per pound for each pound of excess weight if the excess weight exceeds 10,000 pounds, but in no event less than $50.00. In addition to the penalties herein contained the registration of the vehicle involved may be revoked by the Director of the Division of Motor Vehicles, and such vehicle, but not its contents, may be detained until the owner submits to the jurisdiction of the court and the fine is paid or proper bond is posted for an appeal if there is a conviction."
The defendants argue that the aforesaid statute does not apply to non-residents. They point out that the extensive growth of the motor truck industry has brought about an operation whereby loaded trailers are switched from tractor to tractor in much the same manner that loaded freight cars are switched from train to train. They contend that the interpretation placed by the police authorities on the statute would result in an arbitrary and unreasonable burden upon interstate commerce, and hence would be unconstitutional.
In State v. Gratale Brothers, Inc., 26 N.J. Super. 581 (App. Div. 1953), the court, referring to the statute in question, stated:
"The evil or mischief intended to be suppressed by the statute in question was the loading of a vehicle in excess of the weight authorized by the terms of its certificate of registration. What the Legislature clearly had in mind at the time it amended and supplemented *241 R.S. 39:3-84 in 1950 (L. 1950, c. 142), was the protection of our highways and highway structures  subject as they are to the extraordinary use and ever-increasing volume of commercial traffic crossing and recrossing our State  from damage by overweight vehicles. Cf. N.J.S.A. 39:3-84 and 84.4."
This State has enacted laws for the protection of our highways which apply to both resident and non-resident vehicles. N.J.S.A. 39:3-84 provides for a weight limitation of 60,000 pounds for a tractor-semitrailer combination and axle weight limitations. It should be noted that no violation of such provisions is charged in the cases before us for decision.
The real question is what the Legislature intended when in N.J.S.A. 39:3-84.3 it used the terms 
"except that any such owner whose vehicle shall be found on a highway with a gross weight of vehicle and load in excess of that provided for on the certificate of registration for the vehicle, or whose vehicle shall be found on a highway in excess of the axle weight or gross weight limitations imposed by this act for vehicle and load."
The statute is penal and quasi-criminal in its nature (State v. Rowe, 116 N.J.L. 48 (Sup. Ct. 1935), affirmed 122 N.J.L. 466 (E. & A. 1939)), and so must be strictly construed (State v. Baker, 3 N.J. Misc. 324 (C.P. 1925), affirmed 3 N.J. Misc. 532 (Sup. Ct. 1925); State v. Perretti, 9 N.J. Super. 97 (App. Div. 1950)); State v. Gratale Brothers, Inc., supra.
It is the opinion of this court that this statute applies to both resident and non-resident vehicles and that it has for its object the protection of New Jersey highways. It is further the opinion of this court that the Legislature in employing the term in the statute  "in excess of that provided for on the certificate of registration for the vehicle"  meant the gross weight listed on such certificate of registration.
In my opinion, where a sister state does not require the gross weight to be listed in its certificate of registration, this portion of our statute does not apply. The protection of our *242 highways will be amply served by enforcement of the other provisions of the statute relating to the prescribed weight limitations (in this case, 60,000 pounds).
Accordingly, this court finds no violation of N.J.S.A. 39:3-84.3 by the defendants in the matters sub judice. A judgment of acquittal will be entered in each case and the judgments of conviction entered by the Wayne Township Municipal Court are hereby reversed.