58 N.J. Super. 345 (1959)
156 A.2d 69
THE STATE OF NEW JERSEY, PLAINTIFF,
v.
LEVITAN INTERSTATE TRANSPORT, INC., DEFENDANT.
Superior Court of New Jersey, Morris County Court, Law Division.
Decided November 20, 1959.
*346 Mr. William Blohm, Jr., Deputy Attorney General, argued the cause for plaintiff (Mr. David D. Furman, Attorney General of New Jersey, attorney).
Mr. John E. Bachman argued the cause for defendant (Messrs. Toolan, Haney & Romond, attorneys).
MINTZ, J.C.C.
The defendant, Levitan Interstate Transport, Inc., a New Jersey corporation, appeals from a judgment of conviction entered in the Randolph Township Municipal Court, wherein said defendant was adjudged guilty of a violation of N.J.S.A. 39:3-84.3.
The conviction was predicated upon a finding that the tractor-trailer apprehended on March 16, 1959, on Route 10 in Randolph Township, Morris County, New Jersey, was registered for a gross weight of 30,000 pounds for vehicle and load, whereas the actual gross weight, when weighed by the State Police, amounted to 45,900 pounds, with a consequent unlawful overweight of 15,900 pounds.
*347 The particular trailer involved started its journey in Greenville, South Carolina, where it was loaded. The ultimate destination was Newton, New Jersey. It was owned by a North Carolina corporation, and duly registered under the law of North Carolina for a weight of 17,000 pounds. It was towed by a tractor owned by a North Carolina corporation and also registered in that state, for a weight of 41,000 pounds. When this tractor-trailer arrived at Avenel, New Jersey, the tractor of the North Carolina corporation was detached and the tractor of the defendant corporation attached.
This was necessary because the operator of the North Carolina tractor was a licensed interstate commerce carrier with a franchise route that did not extend to Newton. Additionally, it was asserted to be advantageous for various reasons to permit participation of a New Jersey carrier in the transportation of goods ultimately destined for use in the State of New Jersey.
Defendant's tractor was registered in New Jersey for a gross weight of 13,000 pounds, so that when the vehicle was stopped and weighed by the State Police, the driver had in his possession a New Jersey registration for the tractor showing a registered weight of 13,000 pounds and a North Carolina registration for the trailer showing a registered weight of 17,000 pounds.
N.J.S.A. 39:3-15 permits motor vehicles and trailers registered in the state of the non-resident to be operated in this State where the free operation of a similar type of vehicle registered in and belonging to a New Jersey resident is permitted in the state of the non-resident. Section 20-83 of the Motor Vehicle Laws of North Carolina is substantially to the same effect. In addition, however, the cited North Carolina statute contains the further provision that:
"When a resident carrier of this State interchanges a properly licensed trailer or semi-trailer with another carrier who is a resident of another state, and adequate records are on file in his office to verify such interchanges, the North Carolina licensed *348 carrier may use the trailer licensed in such other state the same as if it is his own during the time the nonresident carrier is using the North Carolina licensed trailer."
The fact that such latter provision is not incorporated in the New Jersey statute does not preclude reciprocity to North Carolina vehicles to the extent that the respective reciprocal provisions apply.
The principle of reciprocity is not in issue. The registration of the North Carolina trailer was proper, but the State asserts that the gross weight of the defendant's New Jersey tractor, the North Carolina trailer and load, constitutes an overweight contrary to the provisions of N.J.S.A. 39:3-84.3.
Defendant urges that the registration provisions of N.J.S.A. 39:3-20 apply only to the registration of tractors and trailers in the State of New Jersey, and that the penalty provisions of N.J.S.A. 39:3-84.3 apply only to vehicles and combinations of vehicles wholly registered in New Jersey.
N.J.S.A. 39:3-20 provides for the registration, among others, of trailers and tractors with a graduating fee based on gross weight of vehicle and load. The maximum gross weight registration permitted for any tractor or trailer is 40,000 pounds, except that an applicant engaged in construction work may on application secure a registration for a gross weight of vehicle and load up to 70,000 pounds. This statute specifically states that:
"It shall be unlawful for any vehicle having gross weight of load and vehicle in excess of the gross weight provided on the registration certificate to be operated on the highways of this State," and further that this section does not supersede or repeal N.J.S.A. 39:3-84.
N.J.S.A. 39:3-84 sets forth dimensional restrictions, height and weight restrictions, and insofar as pertinent here, prohibits the operation on any highway in this State of tractor and trailer having a combined weight of vehicle and load in excess of 60,000 pounds. Clearly, then, while N.J.S.A. 39:3-20 provides for a registration per vehicle up to *349 40,000 pounds, the weight of vehicle and load on the highway in the case of a tractor and trailer combination is limited to 60,000 pounds.
The provisions of N.J.S.A. 39:3-84.3 are not limited specifically to registrations wholly effected in New Jersey. This section provides, inter alia, that when an officer stops a vehicle and determines upon weighing the vehicle and load that the weight is unlawful, such officer "shall require the driver to stop the vehicle in a suitable place and remain standing until such portion of the load is removed as may be necessary to reduce the size or gross weight of such vehicle to such limit as permitted under this act, or permitted by the certificate of registration for the vehicle, whichever may be lower." This section further provides that any owner, lessee and bailee of a vehicle found on a highway "with a gross weight of vehicle and load in excess of that provided for on the certificate of registration for the vehicle," or in excess of "gross weight limitations imposed by this act for vehicle and load," shall be fined according to the rate therein specified.
In State v. Olean Transportation Corp., 39 N.J. Super. 236 (Cty. Ct. 1956), the specific charge was a violation of N.J.S.A. 39:3-84.3 in that the gross weight of the combination tractor-trailer exceeded that provided on the certificate of registration for each vehicle. The trailer was properly registered under the law of Pennsylvania and the tractor was properly registered under the law of New York. It was conceded that the law of New York provides for registration of tractors based on "unladen weight," and not on gross weight as specified under New Jersey law. The court rejected the State's contention that it should apply the formula as set forth under the New York statute, in ascertaining the "allowable weight" of the tractor-trailer combination. The court there said that there is no New Jersey statute which provides that the enforcement authorities use an "allowable weight" in determining whether or not a violation of N.J.S.A. 39:3-84.3 has taken place, which "allowable weight" *350 is based on the statutory requirements of a sister state. Accordingly, it was held that where a sister state does not require "gross weight" to be listed in its certificate of registration, this portion of our statute does not apply and that the protection of our highways will be amply served by enforcement of other provisions of the statute relating to prescribed weight limitations, namely, 60,000 pounds, which in that case was not violated.
In Olean the defendants argued, as here, that the subject statute does not apply to non-residents, that the extensive growth of the motor truck industry has brought about an operation whereby trailers are switched from tractor to tractor, and that to accept the State's interpretation of the cited statute would result in an unreasonable burden on interstate commerce and hence unconstitutional. This contention was rejected. The court there said, 39 N.J. Super. at page 241:
"It is the opinion of this court that this statute applies to both resident and non-resident vehicles and that it has for its object the protection of New Jersey highways. It is further the opinion of this court that the Legislature in employing the term in the statute  `in excess of that provided for on the certificate of registration for the vehicle'  meant the gross weight listed on such certificate of registration."
The inference may be fairly drawn from Olean that if the New York law had called for a "gross weight" in lieu of "unladen weight" registration, then the charge of a violation of N.J.S.A. 39:3-84.3 would have been sustained.
Defendant urges, however, that Olean does not recognize the problem which exists in this case where the States of New Jersey and North Carolina use the gross weight system but have different customs in registering the vehicles under that system. Suffice it to say that if the statute is plain in its meaning, the custom of any other state cannot affect its interpretation. If such custom is to find expression in our law, the matter is one for legislative consideration.
*351 In State v. Gratale Brothers, Inc., 26 N.J. Super. 581, 584 (App. Div. 1953), the charge was a violation of N.J.S.A. 39:3-84.3 in that the combined weight of the commercial vehicle and load exceeded its New Jersey certificate of registration. The court there said that:
"The evil or mischief intended to be suppressed by the statute in question was the loading of a vehicle in excess of the weight authorized by the terms of its certificate of registration. What the Legislature clearly had in mind at the time it amended and supplemented R.S. 39:3-84 in 1950 (L. 1950, c. 142), was the protection of our highways and highway structures  subject as they are to the extraordinary use and ever-increasing volume of commercial traffic crossing and recrossing our State  from damage by overweight vehicles. Cf. N.J.S.A. 39:3-84 and 84.4."
The court further said, 26 N.J. Super. at page 585:
"A construction which would have the effect of placing it in the power of the transgressor to defeat the object and purpose of the law by evasion will not be favored."
To uphold defendant's contention is to make possible an evasion of the revenue provisions of N.J.S.A. 39:3-20, a statutory construction not to be favored. A New Jersey trucker would be enabled to register his tractor at a minimum fee and haul an out-of-state trailer and load over the New Jersey highways with immunity from any complaint for overweight of vehicle and load as evidenced by the combined certificates of registration.
Furthermore, if it be held that the term "certificate of registration" in N.J.S.A. 39:3-84.3 does not apply to a vehicle with an out-of-state registration, then a situation is presented where the vehicle and load exceed the gross weight authorized by the certificate of registration of that state. Yet, such vehicle may travel over the New Jersey highways with immunity to such violation. The very purpose of the statute, as stated in Gratale, namely, to suppress the evil of loading a vehicle in excess of the weight authorized by its certificate of registration, and the protection of highways would be defeated by such a construction.
*352 The court concludes that N.J.S.A. 39:3-84.3 applies to both resident and non-resident vehicles. The facts are undisputed. Accordingly, the defendant is adjudged guilty as charged. The weight in excess of the certificate of registration amounts to 15,900 pounds. In accordance with said statute, a fine will be imposed at the rate of three cents per pound for a total of $477.
A form of judgment consistent with the views herein expressed will be presented.