STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. YOUNGSTOWN CARTAGE CO., DEFENDANT-APPEL-LANT.

Hudson County Court
Law Division

Decided March 19, 1969.

224

*Mr. Seymour Margulies* argued the cause for appellant.

*Mr. Thomas J. Savage,* Deputy Attorney General, argued the cause for respondent (*Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney).

DUFFY, P. J., J. C. C. This is an appeal from the County District Court wherein defendant was convicted of having a vehicle on the roads of New Jersey which weighed in excess of the weight listed on its registration certificate, in violation of 39 :3–84.3. The truck and trailer were both registered in Rhode Island.

██ The State contends that the "overweight" statutes validly apply to all vehicles whether or not they are registered in New Jersey. As a general rule this is unassailable. This State may set reasonable weight limits on the vehicles that use its highways.

However, the question here is whether a state may convict one because he owns a vehicle registered in another state which has a weight in excess of that stated on the *foreign* state's registration certificate, even though the vehicle's weight is not in excess of that permitted to vehicles registering in New Jersey. This would put New Jersey in the position of enforcing the laws of Rhode Island. The conceded purpose of our overweight statutes is protection of the physical structure (roadbed, etc.) of our highways. If an owner improperly registers the weight of his vehicle when he is registering it in New Jersey, it is clear that our penal laws should apply to him and result in his punishment. However, this is not so where an owner has fraudulently or mistakenly registered his vehicle in a sister state. There is

no damage to our highways unless the vehicle has a weight in excess of the weight permitted by our statute — a weight in excess of the registered weight is not of itself a cause of damage to the highways. In fact, the statute provides a procedure wherein an owner can receive special permission to register a vehicle in excess of the weight specifically stated in the statute (*cf.* 1st para. of *N. J. S. A.* 39 :3–84). The vehicle in the instant case comes well within the maximum weight provided for by our statute.

■■ There have been two cases in the County Courts of New Jersey which have held that *N. J. S. A.* 39:3–84.3 applies to both resident and non-resident vehicles: *State v. Levitan Interstate Transport, Inc.,* 58 *N. J. Super.* 345, 156 *A. 2d* 69 (*Cty. Ct.* 1959) and *State v. Olean Transp. Corp.,* 39 *N. J. Super.* 236, 120 *A. 2d* 800 (*Cty. Ct.* 1956). However, these decisions cite no authority for their conclusions. They do emphasize that the law was conceived to protect our highways from overweight trucking. However, as has been stated, the truck in the instant case would not be damaging the highways since its weight — although improperly stated on the Rhode Island registration certificate — was not in excess of the maximum permitted by statute here.

There has been no showing that the weight of the vehicle might be considered a danger in Rhode Island. However, even if it were, this would still involve enforcing the penal statutes of Rhode Island. It is well settled that one state or sovereignty cannot enforce the penal laws of another * * * *Application of Marino,* 23 *N. J. Misc.* 159, 42 *A. 2d* 469 (*C. P.* 1945) ; *People v. Hillman,* 246 *N. Y.* 467, 159 *N. E.* 400 (1927) ; *People v. Buffum,* 40 *Cal.* 2d 709, 256 *P. 2d* 317 (1953) ; 22 *C. J. S.* Criminal Law § 115.

Because of the views expressed *supra* it will not be necessary to pass upon the other points raised in defendant's brief.

I find the defendant not guilty.