### JOHN SUMMERMAN v. BENJAMIN K. KNOWLES.

In a suit brought under the third section of the mechanics' lien law, (*Nix. Dig.* 524,) against the defendant, as owner of a building, to recover a debt due for materials furnished to the contractor by the plaintiff, and used in the erection of the building, it must be averred, in the declaration, that the contract for the erection of the building was in writing, and the same, or a duplicate thereof, filed in the clerk's office of the county in which the building is situate.

On *certiorari* to Mercer Pleas.

The action was brought, originally, in a justice's court to recover of the defendant the price of certain materials furnished to a contractor, and used by him in the erection of a building for the defendant. The judgment below was for the plaintiff, and was affirmed by the common pleas on appeal. The judgment of the pleas was brought before this court by *certiorari* for review.

The facts of the case appear in the opinion of the court.

The case was argued by *J. S. Aitken*, for the plaintiff in *certiorari*, and by *I. W. Lanning*, for the defendant.

Present, Justices VREDENBURGH, DALRIMPLE and DEPUE.

The opinion of the court was delivered by

DEPUE, J. This *certiorari* brings up the judgment of the Court of Common Pleas of the county of Mercer, on appeal from the judgment of a justice of the peace of said county.

The chief ground relied on for reversal is, that the statement of demand is defective. The action is brought under the third section of the act entitled "an act to secure to mechanics and others payment for their labor and materials in erecting any building," (*Nix. Dig.* 524,*) against the defendant as owner of a building, to recover a debt due to the plaintiff from one William Levi, the contractor, for materials furnished to him by the plaintiff, and used in the erection of the said building.

It is not averred in the statement of demand, that the contract for the erection of the building was in writing; and the same, or a duplicate thereof, filed in the clerk's office of the county in which the building is situate. For this reason it is insisted that the demand is defective.

The first section of the mechanics' lien law declares that every building erected in this state, after the passage of the act, shall be liable for the payment of any debt contracted and owing to any person for labor performed or materials furnished for the erection and construction thereof; which debt shall be a lien on such building, and on the land whereon the same is erected.

The second section of the act introduces two important qualifications of the comprehensive language of the first section, viz., 1. That when a building is erected in whole or in part by a contract in writing, and such contract or a duplicate thereof is filed in the county clerk's office, the building and land shall be liable to the contractor only for work done or materials furnished under such contract; and, 2.

* *Rev.*, p. 668.

That no building or land shall be liable for work done by any person not employed by the owner or his agent on his account. *Van Pelt* v. *Hartough*, 2 *Vroom* 331.

Then follows the third section, which provides that whenever any master workman or contractor shall, upon demand, refuse to pay any person who may have furnished materials used in the erection of any *such* house or other building, or any journeyman or laborer employed by him in the erecting or constructing any building, the wages due to him, it shall be the duty of such journeyman or laborer to give notice, in writing, to the owner or owners of such building of such refusal, and of the amount due to him or them, and so demanded; and the owner is thereupon authorized to retain the amount so due and claimed by any such journeyman or laborer, out of the amount owing by him to such master workman or contractor, giving him written notice of such notice and demand; and if the same be not paid or settled by said master workman or contractor, the owner, on being satisfied of the correctness of the demand, shall pay the same, and the receipt therefor shall be a voucher for so much paid, on the settlement between him and the master workman or contractor.

The insertion of the word *such* before *building*, in this section, when speaking of materialmen, and its omission when speaking of journeymen and laborers, and the failure to mention materialmen in the subsequent part of the section, which provided the mode of relief, made the true construction of this section a matter of great doubt. That doubt has in a great measure been removed by the supplement of March 14th, 1863, (*Acts* 1863, *p.* 275,) which repealed the concluding paragraph of the second section of the original act, and amended the third section by authorizing and empowering any person, who may have furnished materials used in the erection of any *such* building, to give the notice to the owner or owners of *such* building authorized by the said section ; and conferred upon the materialman all the

rights and remedies given by the said section to the journey-man or laborer

The use of the word *such* as descriptive of the building, in the third section of the original act, when speaking of materialmen, and also, in the amendatory act of 1863, plainly indicates that it was not the intent of the act to afford a mate-rialman relief by demand and refusal of the contractor, and notice to the owner, in all cases where materials were furnished in the erection of a building. The word is descriptive, and is a relative word, and as such must be referred to the last ante-cedent, unless the meaning of the sentence would thereby be impaired. The last antecedent is that in the second section of the act, viz., any building erected, in whole or in part, by contract in writing, qualified by the proviso relating to the filing of such contract, or a duplicate thereof, in the office of the clerk of the county in which such building is situate. This construction is not only in subordination to the maxim *ad proximum antecedens nisi impediatur sententia,* but is in per-fect harmony with both the preceding sections of the act. The right to resort to this mode of obtaining a debt due by the contractor, for materials used in the erection of the building, out of funds in the hands of the owner, is confined to cases where, by reason of the building having been erected by con-tract, in writing, and filed, the materialman is deprived of the right to a lien. In other cases, his remedy is by proceeding to file a lien under the first section of the act.

It would be highly convenient to extend the remedy pro-vided by the third section to all cases where materials are furnished to a contractor, whether the building was erected under a contract in writing, and filed or not. But mere convenience in attaining a right given by the statute, in an expeditious and inexpensive way, not to be obtained by the application of established rules of construction, ought not to influence this court in dealing with the intent of the legisla-ture, as expressed in a statute. A departure from, or re-laxation of, these rules will introduce doubt and uncertainty

in the administration of justice. Better by far, resort to the legislature to simplify the remedy in the future, and preserve, in full vigor, those established rules of construction which give certainty and uniformity to the construction of statutes and legal instruments.

On the argument the plaintiff's counsel stated that, in point of fact, the building was erected under a contract between the defendant and Levi, which was in writing and on file in the proper office, and applied to this court to amend his demand by inserting the necessary averments in relation to such contract. Without considering the power or propriety of this court permitting an amendment of the character applied for when the ends of justice require it, it is a sufficient answer to the application in this instance, that there is no proof before the court, either on the face of the papers or otherwise, of the existence of such contract. It does not appear, by the transcript, that the contract was offered before the justice, and if the defendant had taken the objection in the Court of Common Pleas, and that court had permitted an amendment, the plaintiff, as the case stands, must have been nonsuited for a failure of proof. The defendant not having been present at the trial, has not waived his right to avail himself of the objection in this court.

Judgment reversed.

Justices VREDENBURGH and DALRIMPLE concurred.

CITED in *Frank* v. *Freeholders of Hudson*, 10 *Vr.* 350, 353.