6 N.J. Super. 250 (1950)
71 A.2d 142
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CARMEN RUSSO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 16, 1950.
Decided February 1, 1950.
*252 Before Judges JACOBS, DONGES and BIGELOW.
Mr. Donald G. Collester, County Prosecutor of Passaic County, argued the cause for respondent.
Messrs. Feder & Rinzler, attorneys for and of counsel with defendant-appellant (Mr. Joseph A. Feder on the brief).
The opinion of the court was delivered by DONGES, J.A.D.
This appeal comes before this court on a ruling entered by the Passaic County Court denying a motion to quash the indictment.
The defendant, Carmen Russo, was indicted on two counts by the Grand Jury of Passaic County charging that he violated the provisions of R.S. 2:176-4 which reads as follows:
"Every person becoming the lawful possessor of a pistol, revolver or other firearm of a size capable of being concealed upon the person, who shall sell, give or transfer the same to any other person without *253 first notifying the police authorities, shall be guilty of a misdemeanor. This section shall not apply to wholesale or retail dealers or manufacturers who have complied with the provisions of this chapter."
The indictment returned by the Grand Jury contains the following language:
"* * * on the twenty-fifth day of November, one thousand nine hundred and forty-eight, in the City of Passaic, in the County of Passaic aforesaid, and within the jurisdiction of this Court, Carmen Russo, having theretofore become, and then and there being, the lawful possessor of a certain firearm, to wit, a revolver, of a size capable of being concealed upon the person, willfully, knowingly and unlawfully did sell and transfer the same to one John Ianacone, without having first notified the police authorities of the City of Passaic aforesaid, or any sergeant, lieutenant or captain, or the deputy chief or the chief, or any other officer or member, of whatever rank or status, of the police department of said City, or the superintendent of the State Police of New Jersey, or any other officer or any member, of whatever class or rank, of said State Police, or any officer or member, of whatever station, of the police department of any of the municipalities within this State, or elsewhere, of such intended sale and transfer, contrary to the provisions of R.S. 2:176-4 * * *."
The second count is in identical language, except it charges that defendant "did give and transfer" the revolver to Ianacone, in place of "did sell and transfer," as charged in the first count.
The court below denied defendant's motion to quash the indictment.
The defendant contends that the indictment lacks certainty, clearness and particularity and further that the statute upon which the indictment is based is indefinite, uncertain and vague.
It is, of course, necessary for an indictment to contain a description of the crime of which the defendant is accused, and a statement of the facts by which it is constituted, in order to identify the accusation, so that the accused may prepare his defense and so that he may be able to plead autrefois convict or autrefois acquit in bar of any subsequent proceedings. State v. Ellenstein, 121 N.J.L. 304 (Sup. Ct. 1938); State v. Morano, 134 N.J.L. 295 (E. & A. 1946).
*254 It is a corollary of this principle that an offense may be charged in the words of the statute, if the statute describes it in terms that in themselves import with certainty the elements of the offense. State v. Morano, supra.
The indictment in this case is couched in the words of the statute. It adequately and with reasonable certainty sets forth the facts which charge the offense, and it sufficiently apprises the defendant of the offense charged against him. A reading of the indictment readily shows that it clearly and fully describes the offense and it contains a statement of the facts, which describe the manner in which the offense was committed.
Defendant's attack on the indictment and on the statute is directed primarily on the words "police authorities." He contends that these words are ambiguous and vague.
It must be noted that liberal effect is always given to legislative intent, where possible, and reasonable certainty fulfills the constitutional requirements. Annett v. Salsberg, 135 N.J.L. 122 (Sup. Ct. 1947); affirmed, 136 N.J.L. 194 (E. & A. 1947). Furthermore, the ordinary and popular meaning is to be given to words in a statute unless it is evident that they are employed in a technical sense. City Affairs Committee of Jersey City v. Division of Local Government of State Department of Taxation, 134 N.J.L. 198 (Sup. Ct. 1946); affirmed, 134 N.J.L. 614 (E. & A. 1946); State v. Gibbs, 134 N.J.L. 366 (Sup. Ct. 1946).
From a reading of the statute, we conclude that the words "police authorities" mean the police officials in authority at the police headquarters in the municipality where the transaction took place. Its mandate clearly expresses the acts condemned so that the ordinary person could intelligently and easily conclude what is prohibited thereby.
A motion to quash an indictment is directed to the sound discretion of the court and such discretion will not be exercised unless the indictment is palpably defective. There was no abuse of discretion in this case.
The appeal is dismissed.