STATE OF NEW JERSEY, v. ALLIED LUMBER CO., INC., A NEW JERSEY CORPORATION, DEFENDANT-APPEL-LANT.

Middlesex County Court
Law Division

Decided November 22, 1966.

*Mr. Jeffrey R. Lowe,* Deputy Attorney General, for the State (*Mr. Arthur J. Sills,* Attorney General, attorney).

*Mr. Barnet H. Epstein* for defendant (*Messrs. Epstein, Epstein, Brown & Bosek,* attorneys).

BREITKOPF, J. D. C. (temporarily assigned). This matter was brought on to be heard before this court on appeal from the Municipal Court of Woodbridge Township. Defendant was convicted of a violation of *N. J. S. A.* 39:3–84 and a fine of $200 plus $5 court costs was assessed. The trial in this court was *de novo* and the matter was received on the basis of a stipulated set of facts.

Defendant's vehicle is of an over-all length of 26′ 2″. The flat rear portion of the truck which is used for carrying loads is 16′ 4″. On July 11, 1966, the date of violation as alleged in the summons, defendant's driver left its lumber yard in Linden, New Jersey, destined for East Brunswick to make a delivery there. Among the pieces of lumber on the truck were

two 28' 2" x 8" planks. With these planks on the truck the length of the vehicle from the front of the truck to the end of the planks was 37' 8". The summons was issued charging that the defendant's truck exceeded by 2' 8" the 35' allowable length as set forth in the first paragraph of *N. J. S. A.* 39 :3–84. As part of the stipulated set of facts a diagram showing the above-mentioned pertinent measurements was filed with the court.

In addition to the stipulation, the attorneys for both the State and the defendant engaged in oral argument before the court and submitted briefs on the questions of law involved.

The pertinent portion of *N. J. S. A.* 39 :3–84 (Dimensional restrictions; outside width; height; over-all length; weight) and the section of this statute under which the charge was made is contained in the first paragraph thereof which reads as follows:

"No commercial motor vehicle, tractor, trailer or semitrailer shall be operated on any highway in this State the outside width of which is more than 96 inches, inclusive of load, or the height of which exceeds 13½ feet, inclusive of load, and no commercial motor vehicle, tractor or trailer shall be operated on any highway in this State the extreme over-all length of which exceeds 35 feet either for a 2-axle 4-wheeled vehicle or 35 feet for a 3-axle 6-wheeled vehicle, except that a vehicle or vehicle inclusive of load exceeding the above limitations may be operated when a special permit so to operate is secured in advance from the director. The application for such permit shall be accompanied by a fee fixed by the director. A special permit issued by the director shall be in the possession of the operator of the vehicle for which such permit was issued. In computing any dimensions of a vehicle, or vehicle and load, for the purposes of this section, there shall not be included in the dimensional limitations safety appliances such as mirrors or lights, or chains or similar fasteners used for the securing of cargo, provided such appliances or fasteners do not exceed the over-all limitations established by the director by rule or regulation."

The question before the court is one of statutory construction limited to whether or not the length restrictions contained in the statute apply to the vehicle alone or whether they apply to the vehicle inclusive of load.

The court notes that where the statute speaks of height or width, it specifically includes the words "inclusive of load,"

but where it speaks of length it does not contain the words "inclusive of load," although it does contain the words "extreme over-all length." The present statute became effective in 1964. The prior statute did not contain the words "inclusive of load" in its opening paragraph.

This is a *quasi*-criminal statute and as such, in accordance with the recognized rules of statutory construction, should be strictly construed. This is not to say that a construction should be placed upon the statute which does violence to the legislative intent. However, it is likewise not within the province of a court to read into a statute that which the Legislature has specifically omitted. Since the Legislature so recently amended the statute and specifically used the words "inclusive of load" with respect to two of its three limitations, it is the opinion of this court that it must have intentionally left these words out of the statute with regard to the length limitations. The same statute in a later section, in the fourth paragraph of *N. J. S. A.* 39:3–84, contains the words "inclusive of load" when speaking of the length of commercial vehicles drawing or having attached thereto other vehicles. However, this is not the case with regard to the facts at issue and therefore the court must not presume a legislative intent not expressed in the statute.

In its brief the State argues that the statute was amended in response to the case of *State v. Patfol, Inc.,* 71 *N. J. Super.* 404 (*Law Div.* 1961), reversed 76 *N. J. Super.* 287 (*App. Div.* 1962). This, it appears to the court, strengthens the position taken by defendant, because in that case Judge Conford wrote as follows:

"It is apparent from the first paragraph quoted that when the Legislature intended, in enacting this piece of legislation, that a dimensional limitation should apply to the vehicle *as loaded* it was minded to say so specifically, not to act by implication. Thus, we find that while the Legislature made certain limitations as to length specifically applicable to the vehicle inclusive of load, accentuating its intent by the designation "over-all length," it chose, for whatever reason so motivated, to omit the load qualification in the width limitation. We are not permitted to ignore the resulting stark contrast in treatment of length and width regulations. Acceptance of the

State's position would practically render superfluous and meaningless the specific references in the paragraph to loads, a result to be avoided if reasonably possible. (76 *N. J. Super.*, at *page* 289)

The court goes on to point out that there are many examples in *Title* 39 of the legislative habit of dealing with vehicle-load problems in specific terms rather than by implication, and indicates that this is a reminder to the courts that in construing statutes they should be mindful that jurisdiction over policy is peculiarly in the legislative province.

In the face of *Patfol* the Legislature amended the statute, a violation of which is now charged, and did not include the words "inclusive of load" with respect to the portion of the statute under which defendant's violation is charged.

Interestingly enough, in the County Court opinion in *Patfol,* 71 *N. J. Super.* 404, which was reversed, the county judge wrote:

"The defendant argues that the statute, being penal in nature, should be strictly construed. That is, the width of the vehicle being 96 inches, there is no prohibition in the statute governing the width of the load.

Such a construction ignores the realities of the situation. It is a matter of common knowledge, and the court may take judicial notice, that loads usually and invariably extend out through the rear of a vehicle. It is also a matter of common knowledge that using safety precautions as directed by *N. J. S. A.* 39:3–84, the extension of a load in the rear of a vehicle would not be unduly hazardous, as roads are not circumscribed as to length."

The county judge went on to say that this is not true of width, but in the case at bar we are dealing with length. While this court does not necessarily subscribe to the view of the County Court, it was certainly a matter that must be considered to have been brought to the attention of the Legislature at the time the statute was amended in 1963.

The court holds that the length provisions of the statute were not violated by the defendant's vehicle and finds the defendant not guilty. An appropriate order, consented to as to form, should be submitted within two weeks.