197 N.J. Super. 284 (1984)
484 A.2d 1263
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
GENESIS LEASING CORP. AND NORTHEAST DISPOSAL, INC., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued October 9, 1984.
Reargued November 5, 1984.
Decided November 28, 1984.
*286 Before Judges MORTON I. GREENBERG, O'BRIEN and GAYNOR.
Robert E. Kingsbury argued the cause for appellants.
Stephen H. Monson, Deputy Attorney General, argued the cause for respondent (Irwin I. Kimmelman, Attorney General, attorney).
The opinion of the Court was delivered by MORTON I. GREENBERG, P.J.A.D.
This matter comes on before this court on appeal from judgments of conviction in the Superior Court, Law Division, entered January 13, 1984. The Law Division judge heard the cases on appeals de novo from the Municipal Court of Lumberton Township, Burlington County. The appeal involves seven violations of N.J.S.A. 39:3-84.3, providing penalties for operators of trucks exceeding the axle weight limitations in N.J.S.A. 39:3-84(b). The overweight trucks were registered in Pennsylvania but not in New Jersey.
*287 Because of their complexity we set forth or describe the germane statutes at the outset of the opinion. N.J.S.A. 39:3-84(b) establishes certain axle weight limitations which we need not detail. But the application of these limitations is specified in N.J.S.A. 39:3-84.1(a) which in material part now provides as follows:
The axle weight limitations as provided at R.S. 39:3-84b, shall apply to all vehicles registered in New Jersey subsequent to March 1, 1950, which have not been registered therein or contracted for purchase by New Jersey residents prior to that date. The weight limitations provided at R.S. 39:3-84b.(1); R.S. 39:3-84b.(2); and R.S. 39:3-84b.(3) relative to maximum gross axle weights shall not apply to vehicles registered as "constructor" or "solid waste" vehicles or to a combination of vehicles of which the "constructor" or "solid waste" vehicle is the drawing vehicle as provided at R.S. 39:3-20, except that said limitations shall apply to vehicles registered as "solid waste" when operated on any highway which is part of the National System of Interstate and Defense Highways, as provided at 23 U.S.C. § 103(e).
N.J.S.A. 39:3-20(c), referred to in N.J.S.A. 39:3-84.1(a), authorizes registration of solid waste vehicles provided their gross weights do not exceed certain specified limits. A person actually engaged in solid waste disposal or collection and holding a certificate of convenience and necessity for that purpose from the Board of Public Utilities may register a vehicle under N.J.S.A. 39:3-20(c). Nothing in N.J.S.A. 39:3-20(c) indicates whether registration under the section is limited to vehicles garaged in New Jersey.
Application of N.J.S.A. 39:3-84.1(a), N.J.S.A. 39:3-84(b) and N.J.S.A. 39:3-20(c) establishes the following pattern. The axle weight limitations are applicable to vehicles registered in New Jersey after March 1, 1950 unless contracted for by a New Jersey resident before that date. Solid waste vehicles registered under N.J.S.A. 39:3-20(c) are excepted from the axle weight limitations but the exception is inapplicable if the vehicle is operated on any highway which is part of the National System of Interstate and Defense Highways.[1]
*288 The complaints were consolidated for disposition in the municipal court. The municipal prosecutor represented the State. The State and defendants agreed no facts were in dispute and consequently the matter was presented on a stipulation of facts that the vehicles were traveling with the axle weights charged in the complaints, the weights exceeded the provisions provided in N.J.S.A. 39:3-84(b),[2] the trucks were properly registered in their home state, Pennsylvania, and ownership, operation and jurisdiction were unquestioned. The stipulation as to ownership, operation and jurisdiction was treated as meaning that defendants owned the vehicles on the dates set forth in the complaint and the vehicles were being operated in Lumberton Township in 1982 as charged. In the municipal court defendants contended as a matter of statutory construction that the axle weight limitations were inapplicable to their vehicles. They also asserted that application of the limitations to their vehicles would result in a violation of the Commerce Clause of the United States Constitution, Art. I, § 8. The municipal judge in a written opinion held the limitations were applicable to defendants' vehicles. He ruled this application was a legitimate exercise of the police power only incidentally burdening interstate commerce. Consequently he found defendants guilty and imposed appropriate fines.[3]
Defendants appealed to the Superior Court, Law Division, where the matter was heard de novo on the record. In the Law *289 Division the State was represented by the county prosecutor. Defendants argued in the Law Division that they were the victims of discrimination because they could not register the trucks in New Jersey under N.J.S.A. 39:3-20. Further they asserted that as a matter of construction N.J.S.A. 39:3-84.1 limited application of the axle weights to vehicles registered in New Jersey. The Law Division judge held that the axle weight limitations applied to foreign vehicles. He further ruled, citing South Carolina State Highway Dept. v. Barnwell Bros., 303 U.S. 177, 58 S.Ct. 510, 82 L.Ed. 734 (1938), that there was no Commerce Clause violation in this application for a state has the right to regulate use of its highways. Consequently he found defendants guilty and imposed the same fines as those assessed in the municipal court. Defendants have appealed from the Law Division judgment of conviction. The attorney general now represents the State.
The parties originally briefed the case in this court on the basis of the record in the trial courts. Defendants contended that their vehicles were not subject to the axle weight limitations because under N.J.S.A. 39:3-84.1 the Legislature had intended only to regulate the axle weights of vehicles registered in New Jersey. Defendants again urged that they were the victims of discrimination because, as they set forth in their brief, they are not "... even permitted to be so registered [in New Jersey] by reason of being vehicles garaged out-of-state." Thus in their view application of the weight limitations to them resulted in a Commerce Clause violation inasmuch as they could not benefit from the exception flowing from registration under N.J.S.A. 39:3-20(c). The attorney general urged in his brief that the axle weight limitations are applicable to all vehicles operated in this State and the exception in N.J.S.A. 39:3-84.1(a) for solid waste vehicles is applicable only to vehicles registered in New Jersey and does not establish a discriminatory system in violation of the Commerce Clause. The attorney general did not challenge defendants' assertion that the vehicles could not be registered in this State.
*290 After hearing oral argument we determined that the record was inadequate for disposition of the constitutional question raised on this appeal. If defendants' assertion that they could not register their vehicles in New Jersey was correct we thought that the Commerce Clause question was substantial. The issue would be whether New Jersey had imposed an incidental burden on commerce by a statute evenhandedly regulating to effectuate a legitimate local public interest without excessively burdening commerce in relation to the putative local benefits or whether the State had engaged in simple economic protectionism. Compare Arkansas Elec. Coop. v. Arkansas Public Comm'n, 461 U.S. 375, 393-395, 103 S.Ct. 1905, 1917-1918, 76 L.Ed.2d 1, 16-17 (1983), with Philadelphia v. New Jersey, 437 U.S. 617, 624, 98 S.Ct. 2531, 2535, 57 L.Ed.2d 475, 481 (1978). See Coons v. American Honda Motor Co., 94 N.J. 307, 316-317 (1983).[4] If the Pennsylvania vehicles could not be registered, arguably there was a direct, discriminatory burden on interstate commerce. By registering its solid waste vehicle under N.J.S.A. 39:3-20(c) a New Jersey operator could use the vehicle on New Jersey highways, other than those which were part of the National System of Interstate and Defense Highways, without regard for the axle weight limitations in N.J.S.A. 39:3-84(b)(1)(2) and (3), a privilege defendants could not obtain. But the record would not sustain defendants' contention that they could not register their vehicles under N.J.S.A. 39:3-20(c). The stipulation never mentioned the point and defendants cited no legal authority in its support. Nor could defendants say that in fact they had been unable to register their vehicles for at oral argument in this court they stated they never attempted to register the vehicles in New Jersey. Consequently defendants had not shown they were prejudiced in the application of N.J.S.A. 39:3-20(c).
*291 The record was deficient for other reasons as well. The exception in N.J.S.A. 39:3-84.1 for solid waste vehicles is inapplicable to a vehicle on a highway which is part of the National System of Interstate and Defense Highways. Thus if Route 38 was within that system at the time of the alleged offenses, a New Jersey truck could not have been lawfully operated on it in violation of the axle limitations. Consequently application of the limitations to defendants' vehicles would not have been discriminatory. But the record was silent on whether Route 38 was within the system. Further the record did not reveal whether, as defendants asserted in their brief, they held certificates of convenience and necessity from the Board of Public Utilities and were in the solid waste disposal or collection business so that if their vehicles were garaged in New Jersey they could have been registered under N.J.S.A. 39:3-20(c). Unless defendants had the certificates and were in that business the foreign location of their vehicles was immaterial.
In view of the inadequacy of the record we concluded that it should be supplemented so that we could ascertain: (1) may a vehicle properly registered in its own state which is not New Jersey in addition be registered as a solid waste vehicle in New Jersey under N.J.S.A. 39:3-20(c); (2) is Route 38 a part of the National System of Interstate and Defense Highways; (3) are defendants in the solid waste disposal business and do they have certificates of convenience and necessity from the Board of Public Utilities. In requesting this information we did not lose sight of the fact that this is a quasi-criminal case (see State v. Dively, 92 N.J. 573, 585 (1983); State v. Allied Lumber Co., Inc., 93 N.J. Super. 44, 47 (Cty.Ct. 1966)) so that the State could not ordinarily introduce additional evidence on appeal to overcome a deficiency in its case. See State v. Sidoti, 120 N.J. Super. 208, 211 (App.Div. 1972). Nevertheless it was appropriate to ask for the record to be supplemented for the parties clearly had intended that the matter be decided on stipulated facts but their stipulation was incomplete. Further defendants could not be prejudiced by our consideration of the supplementary material *292 for without it we would have rejected their constitutional contention on the ground they had not demonstrated they had suffered harm from any Commerce Clause violation. See In re Martin, 90 N.J. 295, 308 (1982).
The supplementary material included an affidavit dated October 22, 1984 from the director of the Division of Motor Vehicles in which he averred that a vehicle properly registered in its home state which is not New Jersey and not operated in intra-state commerce in New Jersey may obtain a New Jersey registration as a solid waste vehicle upon payment of the appropriate fees provided the applicant has a certificate of convenience and necessity from the Board of Public Utilities for the vehicle. Defendants have indicated that their operation consists of bringing materials from Pennsylvania to New Jersey for disposal, a contention not disputed by the attorney general. Further defendants have presented supplementary information, which the attorney general accepts, that they have the certificates of convenience and necessity. Finally as supplementary material the State has produced uncontradicted authority that Route 38 is not part of the National System of Interstate and Defense Highways. We now expand the record to include the supplementary materials.
The director's affidavit has completely changed the posture of the case. Defendants may certainly now register their vehicles in New Jersey. Defendants in their supplementary brief filed for the reargument urge that there does not appear to be any statutory support for a system of dual registration and they should not be compelled to register their vehicles in both Pennsylvania and New Jersey. Defendants further assert that it is doubtful that at the time of the offenses there was an official directive allowing dual registration. They also contend that inasmuch as their vehicles are registered in Pennsylvania the vehicles may be lawfully operated in this State without dual registration. They further contend that under Pennsylvania law axle weight exemptions granted Pennsylvania vehicles in New Jersey will be granted to New Jersey vehicles in Pennsylvania. *293 Thus they now seem to claim a reciprocity exemption from the New Jersey axle weight limitations.
We deal first with defendants' statutory construction argument that N.J.S.A. 39:3-84.1(a) is inapplicable to them. The supplementary material has not impacted on that contention. This argument is dependent upon the language of N.J.S.A. 39:3-84.1(a) providing that the axle weight limitations of N.J.S.A. 39:3-84(b) "... shall apply to all vehicles registered in New Jersey subsequent to March 1, 1950, which have not been registered therein or contracted for purchase by New Jersey residents prior to that date." Defendants assert that inasmuch as their trucks have not been registered in New Jersey the axle weight limitations are inapplicable to them.
We reject this contention. We perceive of no reason why the Legislature would exempt out-of-state vehicles from the axle weight limitations. The purpose of the weight limitations is to protect the highways from damage from overweight vehicles. State v. E.H. Miller Transportation Co., Inc., 74 N.J. Super. 474, 479 (App.Div. 1962), certif. den. 38 N.J. 306 (1962); State v. Gratale Brothers, Inc., 26 N.J. Super. 581, 584 (App.Div. 1953). Defendants' construction would frustrate that purpose. Further it is inconceivable to us that the Legislature would draw a classification in favor of foreign over domestic truckers.
In fact N.J.S.A. 39:3-84.1 is a grandfather clause. The origin of the statute is L. 1950, c. 142. That statute while providing for axle weight limitations absent from prior law (see L. 1942, c. 268) allowed a grace period until 1955 for use of nonconforming vehicles. L. 1950, c. 142, § 3. In 1954 the Legislature extended the grace period to 1958, L. 1954, c. 166. In 1958 the limited period of grace was removed and replaced by the current permanent exemption for vehicles registered in New Jersey or under contract for purchase by a New Jersey resident before March 1, 1950. L. 1958, c. 2. Thus we conclude that in providing for the axle weight limitations to apply to *294 vehicles registered in New Jersey subsequent to March 1, 1950, the Legislature simply intended to exclude vehicles registered in New Jersey or contracted for by New Jersey residents before that date.
We also reject or will not consider defendants' remaining contentions. We see no reason to question the director's power to issue registrations for solid waste vehicles engaged in interstate commerce under N.J.S.A. 39:3-20(c) for foreign vehicles properly registered in their home states. Nothing in N.J.S.A. 39:3-20(c) precludes such dual registration. As we have already indicated, unless such vehicles may be registered in New Jersey application of the axle weight limitations of N.J.S.A. 39:3-84(b) to them may result in a violation of the Commerce Clause. Certainly this court will uphold a reasonable administrative construction that avoids a possible declaration of unconstitutionality. See N.J. Bd. of Higher Ed. v. Shelton College, 90 N.J. 470, 478 (1982).
We are not impressed with defendants' contention that there was no official directive allowing dual registration in 1982. They admit that they have never attempted to register their vehicles under N.J.S.A. 39:3-20(c). In the circumstances they can only speculate as to what would have happened had they sought to register the vehicles before the violations were committed.
We see no merit in defendants' Commerce Clause contentions. It is true that defendants, to use their Pennsylvania solid waste vehicles in New Jersey and benefit from the exception from the axle weight limitations accorded New Jersey vehicles under N.J.S.A. 39:3-84.1(a), must obtain dual registrations and pay fees to both jurisdictions. But this burden is reasonable and is far outweighed by the local benefit of the State receiving compensation for highway damage. We regard this as an incidental burden on commerce flowing from regulation of a legitimate local interest, weight limitations. This reasonable nondiscriminatory burden should be tolerated. See *295 Arkansas Elec. Coop. v. Arkansas Public Comm'n, supra, 461 U.S. at 393-395, 103 S.Ct. at 1917-1918, 76 L.Ed.2d at 16-17.
Defendants' assertion that they may operate their Pennsylvania vehicles in New Jersey without dual registration may be correct but that right is not a defense in this case. Defendants are not charged with operating unregistered vehicles in New Jersey. They are charged with violation of axle weight limitations. Accordingly we assume without deciding that if defendants' vehicles had not exceeded the axle weight limitations in N.J.S.A. 39:3-84(b) they would have been lawfully operated in New Jersey.
Defendants assert reciprocity rights under N.J.S.A. 39:3-6.7. That section provides that in the absence of an interstate agreement under N.J.S.A. 39:3-6, any vehicle properly registered in another jurisdiction when operated in New Jersey shall receive the same exemptions, benefits and privileges granted by that jurisdiction to vehicles properly registered in this State and operated in that jurisdiction. The attorney general represents that New Jersey and Pennsylvania have executed no agreement under N.J.S.A. 39:3-6. Defendants assert that Pennsylvania will grant New Jersey vehicles the axle weight exemption New Jersey grants Pennsylvania vehicles. Thus defendants seek to be free from New Jersey axle weight limitations.
This reciprocity argument comes too late. Defendants never asserted it in the municipal court or the Law Division. Their contentions in those courts were that New Jersey did not intend to apply its axle weight limitations to foreign vehicles and if it did then the application violated the Commerce Clause. Indeed defendant did not make a reciprocity claim in their initial brief filed on the appeal in this court. It was only after the first oral argument that defendants made the claim. But it is clear that the claim could have been asserted from the outset of the case. While it is true that defendants may have been surprised to find they could register their vehicles in New Jersey, a claim of reciprocity from axle weight limitations is in *296 no way dependent upon New Jersey law authorizing the registration of foreign solid waste vehicles under N.J.S.A. 39:3-20(c). Rather the claim is asserted under N.J.S.A. 39:3-6.7. Accordingly we will not now consider defendants' reciprocity claim. See Nieder v. Royal Indemnity Ins. Co., 62 N.J. 229, 234 (1973); State v. Dennis, 43 N.J. 418, 424-425 (1964).
The judgments of conviction are affirmed.
NOTES
[1] In this opinion we have as a matter of convenience referred to and quoted the statutes in their current form. We recognize that N.J.S.A. 39:3-20(c), N.J.S.A. 39:3-84, N.J.S.A. 39:3-84.1(a) and N.J.S.A. 39:3-84.3 have been amended since 1982, the time of the violations in this case. See L. 1983, c. 126, L. 1983, c. 349, L. 1983, c. 374, L. 1983, c. 403. But the changes do not affect the issues before the court.
[2] The stipulation indicated that the weight limitations were set forth in N.J.S.A. 39:3-84.3 which deals with procedural and penalty matters. It is clear that the parties intended to refer to the substantive portions of N.J.S.A. 39:3-84 which are now N.J.S.A. 39:3-84(b).
[3] The municipal judge also determined certain procedural issues not germane on this appeal.
[4] See L. 1984, c. 131 for the Legislature's response to Coons. The decision was modified on a retroactivity issue at 96 N.J. 419 (1984).