STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
TIMOTHY LOYLE, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued February 10, 1986—Decided February 21, 1986.

Before Judges MORTON I. GREENBERG, J.H. COLEMAN and HAVEY.

*Joel M. Harris,* First Assistant Deputy Public Defender, argued the cause for appellant (*Thomas S. Smith,* Public Defender, attorney).

*Joseph Connor, Jr.,* Assistant Morris County Prosecutor, argued the cause for respondent (*Lee S. Trumbull,* Morris County Prosecutor, attorney).

The opinion of the court was delivered by

MORTON I. GREENBERG, P.J.A.D.

This matter comes on before this court on defendant's interlocutory appeal from an order of the trial court denying his motion to dismiss an indictment returned in Morris County charging him with a violation of *N.J.S.A.* 2C:11–5, causing a death by reckless driving of an automobile. The basis for the

motion was that following his indictment defendant pleaded guilty and was fined on complaints for motor vehicle violations filed in a municipal court as a result of the incident generating the indictment. In defendant's view, the municipal court proceedings gave him a defense to the indictment on the grounds of double jeopardy.

The circumstances germane to this appeal are not in dispute. On April 19, 1985 while defendant was operating a vehicle in Rockaway Township, Morris County, he was involved in an accident in which a passenger in his vehicle was killed. As a result a police officer issued four motor vehicle summonses to defendant: reckless driving (*N.J.S.A.* 39:4–96); following too closely (*N.J.S.A.* 39:4–89); improper passing (*N.J.S.A.* 39:4–86), and failure to wear a seatbelt (*N.J.S.A.* 39:3–76.2). The summonses were made returnable on July 19, 1985. This return date was longer than that usually fixed for motor vehicle violations but was apparently selected because of the death. Of course complaints for the charges were subsequently filed in the municipal court.

In light of the death, the case was referred to the Morris County Prosecutor's Office pursuant to directive 10–82 from the administrative director of the courts promulgated May 3, 1983 in response to *State v. Dively,* 92 *N.J.* 573 (1983), which held that a defendant pleading guilty to certain motor vehicle charges and being penalized for the violations was entitled to have a subsequently returned indictment for death by auto (*N.J.S.A.* 2A:113–9) dismissed on double jeopardy grounds. The directive, intending to avoid a repetition of a *Dively* situation, provides that when a municipal court complaint is filed for a motor vehicle violation involving an accident causing death or serious personal injury the prosecutor is to be notified so he may determine if an indictable offense is involved. If the prosecutor determines that there was such an offense, the municipal court is not to act on the motor vehicle complaint pending presentment of the matter to a grand jury. If an indictment is returned all the charges, including those for motor

vehicle violations, are to be heard in the Superior Court. If there is no indictment the municipal court may proceed with the motor vehicle charges.

The prosecutor, to preclude the municipal court from acting contrary to the directive, physically obtained the original complaints from the municipal court. The matter was then presented to the Morris County grand jury which, on June 17, 1985, returned the indictment. On July 12, 1985 defendant represented by an attorney appeared in the Superior Court and pleaded not guilty to the indictment. At that time a trial date was fixed.

On July 19, 1985 defendant, not represented by and indeed without the knowledge of his attorney, appeared in the municipal court in response to the motor vehicle charges. No prosecutor, county or local, represented the State in the municipal court. At the outset of the proceedings no mention was made of the death or the fact that the prosecutor had custody of the complaints. Rather, the record reflects that the municipal court judge was not happy with the lengthy delay in the return date of the summonses and was further disturbed by the fact that he could not find the complaints. He then asked defendant how he pleaded to reckless driving and defendant responded "guilty." The judge asked about the following too closely charge and defendant explained he had an accident, was thrown from the car and could not remember whether he was following too closely. Defendant subsequently pleaded guilty to improper passing and failure to wear seat belts. The charge for following too closely was merged and dismissed. Fines and costs in the aggregate of $205 were imposed and paid. Neither defendant nor anyone else prior to the imposition of the fine and costs or before defendant paid them told the judge that the case involved a death. Later, however, while the court was still in session but after defendant had left, the death was brought to the judge's attention. The judge then attempted to void the pleas.

Defendant subsequently brought the municipal court proceedings to the attention of his attorney, who then made a motion to dismiss the indictment. The matter came on before Judge Stanton on October 4, 1985 who denied the motion. He reasoned that not only did the State not put defendant in jeopardy twice, it did everything it could do to see he was not put in jeopardy in the municipal court. Further, he distinguished *State v. Dively, supra,* 92 *N.J.* at 573, on the grounds that here, unlike in *Dively,* defendant was indicted before the municipal court acted and on the additional basis that the Superior Court had taken jurisdiction over the entire matter. He also indicated that the municipal judge did not know of the death and was not authorized to act in this case. Judge Stanton further pointed out that the public was entitled to have the indictment prosecuted. On October 8, 1985 Judge Stanton signed an order denying defendant's motion to dismiss the indictment. Defendant sought leave to appeal from that order and on November 14, 1985 we granted that motion.

On this appeal defendant relies principally on *Illinois v. Vitale,* 447 *U.S.* 410, 100 *S.Ct.* 2260, 65 *L.Ed.*2d 228 (1980), and *State v. Dively, supra,* 92 *N.J.* at 573. In defendant's view the reckless driving charge is a lesser included offense within the charge under *N.J.S.A.* 2C:11–5 as reckless driving requires proof of no fact not within the greater offense. Thus defendant asserts that every "death by auto necessarily includes a finding of reckless driving" and the "same evidence utilized to establish reckless driving is to be relied upon to establish the death by auto." Defendant also asserts the prosecution is barred by *N.J.S.A.* 2C:1–10a(3), precluding successive prosecutions in certain circumstances.

The State relies primarily on *Ohio v. Johnson,* 467 *U.S.* 493, 104 *S.Ct.* 2536, 81 *L.Ed.*2d 425 (1984). It argues that all the charges were pending against defendant at the same time and as he voluntarily elected to dispose of only the motor vehicle violations the indictment need not be dismissed. It further

argues that reckless driving is not a lesser included charge within *N.J.S.A.* 2C:11–5(a) and that in view of administrative directive 10–82, the municipal court proceedings were a nullity. It also argues that defendant's plea was invalid because the municipal judge did not have an adequate factual basis for it as required by *R.* 7:4–2(b). Finally it contends that *N.J.S.A.* 2C:1–10a(3) is inapplicable in a situation such as that here where the earlier of successive prosecutions is for a motor vehicle charge.

*Illinois v. Vitale* and *State v. Dively* are distinguishable from our case. *Vitale* and *Dively* hold that if a defendant is convicted or pleads guilty to a motor vehicle offense he cannot be subsequently prosecuted for an offense within which the earlier charge was a lesser included offense. But neither *Vitale* nor *Dively* dealt with a situation in which all of the prosecutions were pending simultaneously and only one was terminated by trial or a guilty plea. Thus those cases are not controlling.

But *Ohio v. Johnson*, on which the State relies, involved a situation similar to that here. There, as the result of the killing of one person and the theft of property from his apartment, the defendant was indicted in a state court for murder, involuntary manslaughter, aggravated robbery and grand theft. Over the State's objection the defendant was permitted to plead guilty to involuntary manslaughter and grand theft and not guilty to the other offenses. The defendant was then sentenced to imprisonment. He then moved to dismiss the remaining counts on the ground of double jeopardy under the Fifth Amendment. This motion was granted and the remaining counts were dismissed. The dismissal was affirmed on appeal in the state courts but the Supreme Court of the United States reversed. It rejected the defendant's argument that a determination of guilt and punishment on one count of a multi-count indictment immediately raised a double jeopardy bar to continued prosecution on any remaining counts that are greater or lesser included offenses of

the included charge. 467 *U.S.* at 501, 104 *S.Ct.* at 2542, 81 *L.Ed.*2d at 434. The court then indicated:

> Previously we have recognized that the Double Jeopardy Clause prohibits prosecution of a defendant for a greater offense when he has already been tried and acquitted or convicted on the lesser included offense. See *Brown v. Ohio, supra.*[1] In *Brown* the State first charged the defendant with 'joyriding,' that is, operating an auto without the owner's consent. The defendant pleaded guilty to this charge and was sentenced. Subsequently, the State indicted the defendant for auto theft and joyriding, charges which this Court held were barred by the Double Jeopardy Clause, since the defendant had previously been convicted in a separate proceeding of joyriding, which was a lesser included offense of auto theft. *Brown v. Ohio, supra,* 432 U.S., at 169, 97 S.Ct., at 2227.
>
> We do not believe, however, that the principles of finality and prevention of prosecutorial overreaching applied in *Brown* reach this case. No interest of respondent protected by the Double Jeopardy Clause is implicated by continuing prosecution on the remaining charges brought in the indictment. Here respondent offered only to resolve part of the charges against him, while the State objected to disposing of any of the counts against respondent without a trial. Respondent has not been exposed to conviction on the charges to which he pleaded not guilty, nor has the State had the opportunity to marshal its evidence and resources more than once or to hone its presentation of its case through a trial. The acceptance of a guilty plea to lesser included offenses while charges on the greater offenses remain pending, moreover, has none of the implications of an 'implied acquittal' which results from a verdict convicting a defendant on lesser included offenses rendered by a jury charged to consider both greater and lesser included offenses. Cf. *Price v. Georgia,* 398 U.S. 323, 329, 90 S.Ct. 1757, 1761, 26 L.Ed.2d 300 (1970); *Green v. United States,* 355 U.S. 184, 191, 78 S.Ct. 221, 225, 2 L.Ed.2d 199 (1957). There simply has been none of the governmental overreaching that double jeopardy is supposed to prevent. On the other hand, ending prosecution now would deny the state its right to one full and fair opportunity to convict those who have violated its laws. *Arizona v. Washington,* 434 U.S. 497, 509, 98 S.Ct. 824, 832, 54 L.Ed.2d 717 (1978). [467 *U.S.* at 501–502, 104 *S.Ct.* at 2542, 81 *L.Ed.*2d at 434–435]

We find *Ohio v. Johnson* to be controlling. Here, as in *Johnson,* all charges were pending before the guilty pleas were entered and it is clear that defendant by pleading guilty in the municipal court offered to resolve only some of the charges against him. Further, we regard the prosecutor's act of physically obtaining the complaints from the municipal court as an unmistakable objection to that court proceeding with the case.

---

[1] 432 *U.S.* 161, 97 *S.Ct.* 2221, 53 *L.Ed.*2d 187 (1977).

It is also obvious that here, as in *Johnson,* defendant has not been exposed to guilt on the charge to which he pleaded not guilty nor has he received an implied acquittal on a more serious offense by being convicted on a lesser charge. Nor has the State overreached defendant. To the contrary defendant by pleading guilty and not revealing the death in the face of the municipal court judge's concern over the delay may reasonably be said to have overreached the State.

■ We see no merit to defendant's contention that prosecution of the indictment is barred by *N.J.S.A.* 2C:1–10a(3). That section provides that a subsequent prosecution for violation of different provisions of the statutes or a subsequent prosecution based on different facts is barred by a former prosecution if

a. The former prosecution resulted in an acquittal or in a conviction as defined in section 2C:1–9 and the subsequent prosecution is for:

. . . .

(3) The same conduct, unless (a) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil, or (b) the second offense was not consummated when the former trial began.

Clearly *N.J.S.A.* 2C:1–10a(3) does not deal with a motor vehicle case under *Title* 39 as that type of charge is not an "offense" as that term is defined for purposes of *N.J.S.A.* 2C:1–10a(3). *See N.J.S.A.* 2C:1–14k; *State v. Parker,* 198 *N.J. Super.* 272, 280 (App.Div.1984), certif. den. 99 *N.J.* 239 (1985).

In view of our conclusion that there is no constitutional or statutory bar to the prosecution of the indictment we need not reach the other contentions raised by the State. We recognize, of course, that our opinion leaves unresolved the question of the validity of the municipal court proceedings. We think that this is appropriate in the procedural posture of the case as the State has never moved to vacate the proceedings in that court. Thus the matter is before us solely on an appeal from the order denying dismissal of the indictment and it is that order which we review and affirm. We further note that we do not imply

by our silence on the point that the State has standing to move to vacate a defendant's plea by reason of a violation of *R.* 7:4–2(b) as it might ordinarily be inferred that that rule is for the benefit of a defendant and not the State.

The order of October 8, 1985 is affirmed and the matter is remanded to the Superior Court, Law Division, Morris County, for further proceedings. We do not retain jurisdiction.