STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. OJO TRUCKING CORPORATION AND YARDVILLE SUPPLY COMPANY, DEFENDANTS-RESPONDENTS.

STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. CHURCHDALE LEASING AND A.C. ENTERPRISES, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued May 4, 1987—Decided May 18, 1987.
Released for Publication June 1, 1987.

308

Before Judges MORTON I. GREENBERG, J.H. COLEMAN and R.S. COHEN.

*Stephen H. Monson,* Deputy Attorney General, argued the cause for appellant in A–4512–85T4 and for respondent in A–4855–85T4 and A–4869–85T4 (*W. Cary Edwards,* Attorney General, attorney; *Stephen H. Monson,* on the brief).

*Thaddeus C. Raczkowski* argued the cause for appellants in A–4855–85T4 and A–4869–85T4 (*Gruber & Raczkowski,* attorneys; *Thaddeus Raczkowski,* on the brief).

*Louis J. DeMille, Jr.* argued the cause for respondents in A–4512–85T4 (*Charles J. Casale, Jr.,* on the brief).

The opinion of the court was delivered by

## MORTON I. GREENBERG, P.J.A.D.

These matters come on before this court on three separate appeals from the Law Division involving application of the motor vehicle law in cases in which trucks were operated with weights in excess of those authorized by their registrations. By our order of September 24, 1986, we consolidated the appeals in A–4855–85T4 and A–4869–85T4 for all purposes. We now consolidate A–4512–85T4 with the other appeals for disposition in this opinion.

The appeal in A–4512–85T4 involves defendants OJO Trucking Corporation and Yardville Supply Company which were issued three summonses charging violations of *N.J.S.A.* 39:3–20. OJO and Yardville were convicted in the Cranbury Township Municipal Court but appealed to the Superior Court, Law Division. In that court the judge conducted a trial *de novo* on the record and decided the case in a letter opinion on March 27, 1986 ordering dismissal of the complaints. The State has appealed from that dismissal.[1]

The facts in the *OJO–Yardville* cases are not in dispute. On October 8, 1984, a fully loaded concrete truck registered to Yardville was stopped by state troopers. It had a gross vehicle weight of 75,700 pounds, which was 5,700 pounds over the weight of 70,000 pounds as authorized by its registration. On January 3, 1985, two dump trucks registered to OJO were

---

[1] OJO and Yardville have not moved to dismiss the appeal on procedural or constitutional grounds challenging the State's right to appeal.

stopped by state troopers. The trucks had gross vehicle weights of 73,840 and 73,640 pounds, which were respectively 3,840 and 3,640 pounds over the weights of 70,000 pounds authorized for the trucks. Consequently, complaints were filed for the three offenses under *N.J.S.A.* 39:3-20.

In the municipal court hearing it was stipulated that the three trucks were registered as "constructor" vehicles, pursuant to *N.J.S.A.* 39:3-20(b), and were registered for 70,000 pounds, the maximum allowable gross vehicle weight for such vehicles. Further, OJO and Yardville did not dispute the accuracy of the weights recorded by the troopers.

The appeals in A-4855-85T4 and A-4869-85T4 involved defendants Churchdale Leasing and A.C. Enterprises which, from June 12 through November 15, 1985, were issued 60 summonses by state troopers for registration certificate and excess weight violations for tractor-trailer combinations used to haul solid waste. Seventeen cases were prosecuted in the Pennsauken Township Municipal Court. Eight of these complaints charged violations of *N.J.S.A.* 39:3-20, the registration statute, as the gross weights exceeded the 80,000 pound weights allowed by the registrations for the vehicles. The nine other complaints were filed for the same vehicles and charged violation of *N.J.S.A.* 39:3-84(b), as the vehicles exceeded either an axle weight limitation or the maximum gross weight statutory limitations. In one of those cases there seems to have been no complaint under *N.J.S.A.* 39:3-20. Defendants pleaded guilty to the excess weight violations under *N.J.S.A.* 39:3-84(b) but not guilty to violation of *N.J.S.A.* 39:3-20. These pleas established defendants' guilt to the less serious charges then pending as the fines for violation of *N.J.S.A.* 39:3-84(b) are considerably less than the fines provided in *N.J.S.A.* 39:3-20(e). *See N.J.S.A.* 39:3-84.3(j). Churchdale and A.C. Enterprises were, however, convicted on the remaining complaints and on an appeal *de novo* to the Superior Court, Law Division, Camden County, were again convicted. Fines ranging from $800 to $2,200 were imposed for the violations of *N.J.S.A.* 39:3-20.

The remaining 43 cases were prosecuted in the Lumberton Township Municipal Court. Twenty-one of those complaints charged violations of the permitted weights under the registrations contrary to *N.J.S.A.* 39:3–20. The others charged excess weight or axle weight violations of *N.J.S.A.* 39:3–84(b). Defendants pleaded guilty to the weight violations under *N.J.S.A.* 39:3–84(b) but not to the registration violations. They were, however, found guilty on all 43 complaints and on an appeal *de novo* on the record in the Superior Court, Law Division, Burlington County, they were again convicted and, for the violations of *N.J.S.A.* 39:3–20, were fined from $628 to $2,360. The attorney general asserts in his brief that the fines imposed for the violations of *N.J.S.A.* 39:3–20 did not conform with the statute. Defendants have appealed from that conviction.

As in the *OJO–Yardville* appeals, the facts are not in dispute in the *Churchdale–A.C. Enterprises* cases. The parties are in agreement that the vehicles were registered for the maximum weight allowed by *N.J.S.A.* 39:3–20, 80,000 pounds. Further, there is no suggestion that the weights reported by the state police were incorrect.

It seems clear that unless the plain language of *N.J.S.A.* 39:3–20(e) is to be disregarded, defendants in each case have violated that section for it reads: "It shall be unlawful for any vehicle or combination of vehicles registered under this act, having a gross weight, including load or contents, in excess of the gross weight provided on the registration certificate to be operated on the highways of this State." Here, each vehicle in every instance in which a violation was charged was operated on a highway with a gross weight over that allowed by its registration.

Defendants seek to avoid the plain language of *N.J.S.A.* 39:3–20(e) by pointing out that *N.J.S.A.* 39:3–20 is a revenue section which permits the registered owner of a vehicle in effect to select the authorized gross weight for his vehicle within the limits allowed by law. As the authorized weight is increased, so is the registration fee. Thus, the substantial

penalties in *N.J.S.A.* 39:3–20(e) for violation of the weight limitations established by the registration are intended to encourage owners not to underregister their vehicles and thereby save registration fees. Churchdale and A.C. Enterprises urge that inasmuch as their vehicles were registered for 80,000 pounds, the maximum allowable, *N.J.S.A.* 39:3–84(b), they could not have been underregistered. OJO and Yardville note that their vehicles were registered at 70,000 pounds, the maximum for construction vehicles, *N.J.S.A.* 39:3–20(b). They assert that as a practical matter this was the maximum for which their vehicles could be registered as they needed the constructors' exemption from the axle weight restrictions in *N.J.S.A.* 39:3–84(b)(1)(2) and (3) to operate their vehicles. *N.J.S.A.* 39:3–84.-1(a).

While defendants are correct that *N.J.S.A.* 39:3–20 is largely a revenue section, we nevertheless reject their contentions. It is clear that defendants have focused their argument on the assumption that the court should view *N.J.S.A.* 39:3–20 on a single vehicle basis meaning that the Legislature intended only to discourage underregistration of individual vehicles. But we see no basis for that conclusion. Obviously, fining a vehicle operator for violating an 80,000 pound registration certificate will encourage him to acquire additional vehicles and thus pay additional registration fees. Accordingly, by applying *N.J.S.A.* 39:3–20(e) the way it is written, we further the Legislature's purpose of raising revenue from truck registrations.

█ OJO and Yardville argue that *N.J.S.A.* 39:3–20 is unconstitutional. However, rather than setting forth the bases for this contention, they incorporate their brief from the Law Division. We are constrained to state that we do not approve of this procedure as full arguments should be made to this court. In any event, we see no reason to hold the statute unconstitutional for it simply requires registration and sets fees for this purpose. There is nothing unconstitutional in this.

█ Churchdale and A.C. Enterprises raise the constitutional argument that they cannot be charged for both registration

violations under *N.J.S.A.* 39:3–20(e) and weight violations under *N.J.S.A.* 39:3–84(b)(4).[2]  We decline to reach this issue as it was not raised in the Law Division.  *See Nieder v. Royal Indemnity Ins. Co.*, 62 *N.J.* 229, 234 (1973); *State v. Genesis Leasing Corp.*, 197 *N.J.Super.* 284, 296 (App.Div.1984).  Further, we question whether a defendant by pleading guilty to the lesser of two offenses arising from the same incident should be able to preclude prosecution on the more serious charge.  *See State v. Loyle*, 208 *N.J.Super.* 334, 340–341 (App.Div.1986).  Finally, Churchdale and A.C. Enterprises contend that the penalties under *N.J.S.A.* 39:3–20(e) are so excessive as to be unconstitutional, an argument we find to be clearly without merit.  *R.* 2:11–3(e)(2).

The judgment in A–4512–85T4 is reversed and the matter is remanded to the Superior Court, Law Division, Middlesex County, for entry of judgments finding defendants guilty and imposing fines.  The judgments of the Law Division in A–4855–85T4 and A–4869–85T4 are affirmed without prejudice to the State moving in the Superior Court, Law Division, Burlington County, to correct the fines entered in that court.

---

[2]It is not argued that the convictions should be merged.